In the Matter of RAYMOND DEAN L., a Child Alleged to be Permanently Neglected. (Appeal No. 1.)

In the Matter of TAMMY MARIE L., a Child Alleged to be Permanently Neglected. (Appeal No. 2.)

In the Matter of JUDY MARIE L., a Child Alleged to be Permanently Neglected. (Appeal No. 3.)

Fourth Department, June 4, 1985

### APPEARANCES OF COUNSEL

*Gregory A. Pope* for appellant.

*Paul Crapsi* for Raymond L., Sr., respondent.

*Mary Etta Foti, Law Guardian.*

*Mark A. Violante* for Kathy L., respondent.

### OPINION OF THE COURT

BOOMER, J.

The Niagara County Department of Social Services brought these proceedings to terminate the rights of the parents in their three children and to free them for adoption on the ground of permanent neglect (Social Services Law § 384-b [4] [d]). Because the father had suffered several heart attacks, Family Court adjourned the fact-finding hearing from time to time for a total period of 14 months and finally granted the father's motion to dismiss the petitions, concluding that the hearing could not be held in the father's absence.

The question presented is whether a civil action, specifically a proceeding brought to terminate parental rights, can ever proceed in the involuntary absence of a necessary party, here, the physically disabled father.

Every litigant has a fundamental right, guaranteed by the due process clause of both the Federal and State Constitutions,[1] to be present at every stage of the trial (*Matter of Cecilia R.,* 36 NY2d 317; *Matter of Ana Maria Q.,* 52 AD2d 607; *Matter of S. Children,* 102 Misc 2d 1015). In civil actions, however, this right is not absolute. In *Matter of Daniel A. D.* (49 NY2d 788), the Court of Appeals, in holding that the trial court erred in temporarily excluding from the hearing a mother allegedly unable to provide for her child because of mental illness, stated, "There is nothing in the record to indicate that there was a compelling necessity for her exclusion" (*Matter of Daniel A. D., supra,* p 791). In *Matter of Cecilia R.* (36 NY2d 317, *supra*), the Court of Appeals held that it was error to exclude a person in need of supervision (PINS) from her dispositional hearing. It noted, however, that a Family Court Judge must exercise discretion to shield some children from the emotional trauma certain disclosures would be likely to produce, and made it clear it was not holding that "Judges may never exclude PINS respondents from any part of a dispositional hearing. '[Due process] varies with the subject-matter and the necessities of the situation.' (*Moyer v Peabody,* 212 US 78, 84 [Holmes, J.].)" (*Matter of Cecilia R., supra,* p 322.)

Few cases have dealt with the inability of a parent, because of physical impairment, to attend a hearing in a proceeding to terminate parental rights. Analogous cases, however, have upheld the right of the State to proceed with the hearing in the absence of a parent unable to attend because of imprisonment. In the case of *In re Gary U.* (136 Cal App 3d 494, 186 Cal Rptr 316), the father was unable to attend a hearing resulting in the termination of his parental rights because he was imprisoned in another State. In affirming the result the court stated, "Were [the father] able to establish he could have personally appeared in the juvenile court action within a reasonable time, he was entitled to do so, and to represent himself if he truly so desires.

---

1. See also, NY Constitution, article I, § 6, which provides in part that "[i]n any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel *as in civil actions* and shall be informed of the nature and cause of the accusation and be confronted with the witnesses against him" (emphasis supplied). This provision also guarantees to civil litigants their right to be present at trial (*Matter of Daniel A. D.,* 66 AD2d 728, *revd for reasons stated in dissenting memorandum at App Div* 49 NY2d 788; *Chandler v Avery,* 47 Hun 9).

However, he may not use his right of self-representation to effectively foreclose the rights of his child to a judicial determination at least equally important to the minor's interests as to those of the father." (*In re Gary U.,* 136 Cal App 3d, at p 500, 186 Cal Rptr, at p 319.) *Matter of Darrow* (32 Wn App 803, 649 P2d 858), is another case where the court found no error in permitting the termination hearing to proceed in the absence of the father who was imprisoned out of State. Quoting from *In re F. H.* (283 NW2d 202, 209-210 [ND 1979]), the court said:

" '[A] convict does not have a constitutional right to personally appear in a civil suit where he has been permitted to appear through counsel and by deposition, if appropriate. Any right to appear personally would have to rest upon convincing reasons and would ultimately be left to the sound discretion of the trial court * * *

" 'We also believe, in the interest of the child, that a proceeding for the adoption of a child, and especially an infant, is one which should not drag on' " (32 Wn App, at p 808, 649 P2d, at pp 860-861).

The Washington court suggested that granting a continuance after presentation of the petitioner's case would be one means of assuring the parents' right to defend (*see also, Matter of Rich,* 604 P2d 1248 [Okla]).

In a case involving the inability of a mother to attend the parental termination hearing because of illness, the court, in *State ex rel. Juvenile Dept. v Jones* (40 Ore App 401, 595 P2d 508), expressly left open the question we must decide here. The appellate court held that the Trial Judge abused his discretion in failing to grant a continuance to a mother in a proceeding to terminate her parental rights where she was seriously ill and unable to travel for another 2 or 3 weeks. In a footnote the appellate court said, "This case does not present us with the necessity of deciding, and we do not decide, whether termination would be proper where it was shown that the parent, by reason of illness or otherwise, would not appear in a reasonable length of time." (*State ex rel. Juvenile Dept. v Jones, supra,* p 404, n 3, p 510, n 3.)

In a civil case, not involving the termination of parental rights, the Appellate Division, Second Department, found it proper to direct that the matter proceed to trial in spite of the defendant's physical disability. His interest, the court indicated, could be protected at trial by his attorney (*Southern Indus. v Esskay Fabrics,* 81 AD2d 647).

In civil cases the constitutional right of a defendant to appear in person and defend himself may conflict with the constitutional right of an aggrieved person to pursue his remedy in court, which is also protected by the due process clause (*Gilbert v Ackerman,* 159 NY 118, 124). Just as we would not deny a person access to our courts to pursue a civil remedy for money damages because the defendant may be physically unable to appear in court for a protracted and unreasonable period of time, we should not deny the children in these proceedings the right to have their status determined. Although the loss of parental rights is much more substantial than a mere loss of money (*see, Santosky v Kramer,* 455 US 745, 756), so, too, is the loss by a child of his right to the prompt judicial determination of his status (*see, In re Gary U.,* 136 Cal App 3d 494, 186 Cal Rptr 316, *supra).*[2]

In determining what process is due in a proceeding to terminate parental rights we must assess "the several interests that are at stake" (*Lassiter v Department of Social Servs.,* 452 US 18, 25). The elements to be balanced against each other are "the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous decisions." (*Lassiter v Department of Social Servs., supra,* p 27.) "A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is * * * a commanding one." (*Lassiter v Department of Social Servs., supra,* p 27.) The State, on the other hand, "has an urgent interest in the welfare of the child" (*Lassiter v Department of Social Servs., supra,* p 27) and so has the child.

Balancing these elements, we determine that the children's right to a prompt determination of their status is just as important as the interest of the father, and that an indefinite delay of the children's right is a more egregious deprivation than the father's loss of his right to be present at the hearing. This right of the father is only one part of his due process rights in these proceedings, and its loss will not necessarily deprive him of a fair hearing. The risk that his absence will lead to an erroneous decision can be reduced or eliminated by permitting him to give testimony by deposition, if possible, and by his representation at trial by his attorney. The loss by the children of their day in

**2.** The State Legislature, in providing a timely procedure for termination of parental rights, found that unnecessary and protracted stays in foster care "may deprive these children of positive, nurturing family relationships and have deleterious effects on their development into responsible, productive citizens" (Social Services Law § 384-b [1] [b]).

court will, on the other hand, deprive them completely of their right to a judicial determination of their status.

Accordingly, the orders of the court dismissing the proceedings should be reversed, the petition reinstated and the court directed to determine whether the father will be physically able to attend the hearing within a reasonable period of time and, if not, to proceed with the hearing in his absence. If the hearing proceeds in the absence of the father, the court should consider an adjournment after the presentation of petitioner's proof to give the father, through his attorney, an opportunity to prepare his defense.

CALLAHAN, J. P., GREEN, O'DONNELL and PINE, JJ., concur.

Orders unanimously reversed, on the law, without costs, petitions reinstated, and matter remitted to Niagara County Family Court for further proceedings, in accordance with the opinion by Boomer, J.