■ In the Matter of JENNIFER DD. and Others, Children Alleged to be Permanently Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC DD., Appellant. [641 NYS2d 652] —Spain, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered September 30, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent's children were initially removed from his care in June 1992 and placed in the custody of petitioner as a result of, *inter alia,* respondent's substance abuse and his insistence on allowing his children to associate with a known sex offender. Although diligent attempts were made by petitioner thereafter to reunite the family, respondent did not follow through with any of the plans designed to further this goal or the counseling and treatment services offered. Respondent failed to keep petitioner apprised of his whereabouts and spent some time in jail on various charges. Consequently, in March 1994 the subject petition alleging permanent neglect was filed against respondent seeking termination of his parental rights. Notably, at the time of the hearing, respondent was incarcerated in Virginia after being charged with the murder of his wife, the children's mother. Respondent's counsel presented a motion to Family Court seeking an adjournment of the proceedings de-

spite the fact that it appears to be undisputed that respondent could not be extradited from Virginia to participate in the hearing.* Respondent's motion was denied and the hearing was held in his absence, but with respondent's counsel and the children's Law Guardian present. After the completion of the hearing, Family Court granted the petition. Respondent appeals.

We affirm. Initially, we reject respondent's contention that Family Court's order should be vacated pursuant to Family Court Act § 1042. Although we agree with the determination in *Matter of Kendra M.* (175 AD2d 657) that a finding of permanent neglect may not stand if a respondent was denied due process, we do not agree that Family Court Act § 1042 is applicable in a proceeding pursuant to Social Services Law § 384-b. To the contrary, we agree with the rationale set forth in *Matter of Geraldine Rose W.* (196 AD2d 313, *lv dismissed* 84 NY2d 967) that "[a]lthough Social Services Law § 384-b does not explicitly state that proceedings are governed by the default mechanism of CPLR 5015 and 5511, the sensibilities of the statutory scheme and the ancillary provisions demand as much" (*supra*, at 316-317; *see, Matter of Raymond Anthony A.*, 192 AD2d 529, *lv dismissed* 82 NY2d 706). The same rationale was previously relied upon in *Matter of Jones* (128 AD2d 403, 404) and this principle should apply in the instant matter.

While respondent alternatively argues that his "default" should be vacated, upon our review of the record we conclude that there was no default in this case since respondent's counsel, who concededly did not ask any questions at the hearing, nevertheless appeared and made a motion on respondent's behalf. This is not a situation where a parent's counsel expressly declines to participate so as to preserve the client's rights (*see, Matter of Geraldine Rose W., supra*, at 318; *see also, Matter of Angel R.*, 187 AD2d 433, *lv denied* 81 NY2d 703). Moreover, even if a default had occurred respondent could not prevail on the merits since he failed to present any proof to contest the overwhelming evidence from petitioner that it discharged its duty to exercise diligent efforts to bring the family together and that these efforts were thwarted by respondent's lack of cooperation (*see, Matter of Kelly G.*, 223 AD2d 878, 879). We agree with Family Court that respondent's rights were not compromised. In our view, "the children's right to a prompt determination of their status is just as important as the interest of the father, and * * * an indefinite delay of the

---

* In its brief, petitioner asserts that respondent has since pleaded guilty to intentional murder in Virginia and is serving his sentence in that State.

children's right is a more egregious deprivation than the father's loss of his right to be present at the hearing" (*Matter of Raymond Dean L.*, 109 AD2d 87, 90).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

