■ In the Matter of WILLIAM EE., a Child Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF

SOCIAL SERVICES, Respondent; BARBARA EE., Appellant. [666 NYS2d 783] —Crew III, J. Appeal from an order of the Family Court of Chemung County (O'Shea, J.), entered June 15, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate William EE. a permanently neglected child, and terminated respondent's parental rights.

Respondent is the biological mother of William EE. (born in 1981), who has been in foster care since May 1990. Respondent was charged with committing various sex offenses against her son and, in November 1990, apparently pleaded guilty in Pennsylvania to the crime of involuntary deviate sexual intercourse in the first degree and was sentenced to a term of imprisonment of 5 to 10 years. Thereafter, in July 1993, petitioner commenced the instant proceeding pursuant to Social Services Law § 384-b seeking to have William adjudicated a permanently neglected child and to terminate respondent's parental rights. Ultimately, a fact-finding hearing was conducted in March 1995 in respondent's absence, apparently due to the refusal or inability of the Pennsylvania correctional facility where she was incarcerated to produce her. At the conclusion of the dispositional hearing that followed, Family Court granted the petition and this appeal by respondent ensued.

Respondent's counsel seeks to be relieved of his assignment upon the ground that there are no nonfrivolous issues that may be raised on appeal. We agree. As a starting point, given that the Pennsylvania correctional facility at which respondent was incarcerated was either unable or unwilling to produce her for the fact-finding and dispositional hearings, and taking into consideration, *inter alia*, the uncertainty surrounding the duration of respondent's incarceration and the amount of time that William already had spent in foster care, we find no error in Family Court's decision to proceed in respondent's absence (*see generally*, *Matter of Jennifer DD.*, 227 AD2d 675; *cf.*, *Matter of Raymond Dean L.*, 109 AD2d 87, 90). Additionally, based upon our review of the record as a whole, we are satisfied that petitioner exercised diligent efforts to reunite respondent with her son (*see*, Social Services Law § 384-b [7] [a]).

Finally, inasmuch as respondent's only apparent plan for her son's future was long-term foster care, we cannot say that Family Court erred in adjudicating William to be a permanently neglected child and terminating respondent's parental rights (*see generally*, *Matter of Abdul W.*, 224 AD2d 875, 876 [long-term foster care is not a viable plan]). Accordingly, Family

Court's order is affirmed and counsel's application for leave to withdraw is granted (*see, Matter of Dart v Howell*, 237 AD2d 825).

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs, and application to be relieved of assignment granted.