■ In the Matter of KONARD M. and Others, Children Alleged to be Permanently Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH M., Appellant. [684 NYS2d 347] —Carpinello, J. Appeals from two orders of the Family Court of Schenectady County (Reilly, Jr., J.), entered April 10, 1996 and October 30, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children permanently neglected and which terminated her parental rights.

Respondent is the mother of three minor children who have been in the custody of petitioner Schenectady County Department of Social Services since June 1993. This disposition was deemed to be in the best interests of the children due to respondent's admitted addiction to alcohol and crack cocaine. Family Court issued an order, dated April 10, 1996, finding that respondent had permanently neglected her children. The

dispositional hearing was then scheduled for August 2, 1996. Respondent failed to attend the hearing. After her attorney's motion for an adjournment was denied by Family Court, he informed the court that he was ready to proceed in her absence. The hearing went forth, with respondent's children represented by their Law Guardian and respondent ably represented by counsel. The latter presented an active defense on respondent's behalf, introducing evidence, calling witnesses and cross-examining the witnesses called by petitioner. Following the hearing, Family Court rendered an order, terminating respondent's parental rights and freeing the children for adoption. Respondent appeals.

Because respondent's counsel was present at the hearing and appeared on her behalf,* as was the Law Guardian assigned to represent respondent's children, there was no default and Family Court was free to try the matter and proceed to a dispositional order in respondent's absence (*see, Matter of Jennifer DD.*, 227 AD2d 675, 676; *Matter of Geraldine Rose W.*, 196 AD2d 313, *lv dismissed* 84 NY2d 967). Having voluntarily absented herself from the proceedings, respondent cannot now be heard to complain that the disposition rendered in her absence constituted a violation of her due process rights.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* It should be noted that no excuse was offered then or since for respondent's absence.