■ In the Matter of YVONNE N., a Child Alleged to be Permanently Neglected. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FURMAN N., Appellant. [775 NYS2d 87]—

Mercure, J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered May 20, 2003, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Yvonne N. was placed in the custody of the Bronx County Department of Social Services shortly after her birth in September 2000, when she and her 15-year-old mother tested positive for illegal drugs. The mother ran away from foster care

shortly thereafter and respondent—the father of the child—successfully petitioned for custody. Two months later, however, petitioner took custody of the child after respondent was arrested for possession of illegal drugs. Following respondent's conviction of criminal possession of a controlled substance in the fourth degree and the imposition of a prison sentence of $7\frac{1}{2}$ to 15 years, petitioner commenced this proceeding to terminate his parental rights based upon permanent neglect. After fact-finding and dispositional hearings, Family Court granted the petition and terminated respondent's parental rights. Respondent appeals and we now affirm.

The threshold inquiry in a permanent neglect proceeding is whether the agency has established that it made diligent efforts to encourage and strengthen the parent-child relationship (*see Matter of Jawan Y.*, 274 AD2d 696, 697 [2000]; *Matter of Matthew YY.*, 274 AD2d 685, 686 [2000]; *see also* Social Services Law § 384-b [7] [a]). The requirement of demonstrating diligent efforts is not necessary, however, "when an incarcerated parent has failed on more than one occasion to cooperate with the agency in efforts to assist the parent in planning for the future of the child or in efforts to plan and arrange visits with the child" (*Matter of Jawan Y., supra* at 697; *see* Social Services Law § 384-b [7] [e] [ii]). Here, the record demonstrates that this exception has been satisfied.

Petitioner met with respondent on three separate occasions regarding the child's care during respondent's incarceration. During the first meeting, respondent failed to provide any names of possible caregivers for his daughter and indicated that he did not have a specific plan for the child's care. During the second meeting, respondent suggested that his girlfriend act as caregiver for the child. The girlfriend declined, however, to file a petition for custody of the child. During the final meeting, respondent requested that the girlfriend or the child's mother take custody. A caseworker informed respondent that placement with the mother was not feasible because abandonment and neglect proceedings had been commenced against her. Subsequently, respondent suggested in a letter that custody be given to the maternal grandmother, despite his never having met the grandmother, who had previously lost custody of her own child—the mother—and who was terminally ill. Neither the mother nor the maternal grandmother petitioned for custody of the child and respondent made no other suggestions for the child's custody or care. Under these circumstances, Family Court properly concluded that respondent failed to cooperate with petitioner and that a showing of diligent efforts to encourage and strengthen the parent-child relationship was not required.

In our view, Family Court's finding that the child was a permanently neglected child is supported by the record. We have considered respondent's remaining arguments, including his contention that a suspended judgment is in the best interests of the child, and conclude that they are either meritless or rendered academic by our decision.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.