■ In the Matter of ROBERT DAVID L., JR., SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICIA W., Appellant. [776 NYS2d 316]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from an order of the Family

Court, Suffolk County (Freundlich, J.), entered January 28, 2003, which, after fact-finding and dispositional hearings, terminated her parental rights and transferred custody and guardianship of the subject child to the petitioner Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The appellant mother was not denied her due process rights when the Family Court conducted fact-finding and dispositional hearings in her absence. The Family Court took appropriate measures to protect the mother's rights. The Family Court continued the fact-finding hearing to allow the mother an opportunity to appear. When she failed to appear on the continuation date, the Family Court expressly provided that the mother would be permitted to reopen the hearing to offer evidence. Upon learning that the mother was incarcerated in Georgia, the Family Court contacted the Georgia court to ascertain her release date, and adjourned the dispositional hearing twice pending resolution of the Georgia case. When it was determined that the mother would not be released for at least six months, the Family Court arranged to have her participate in the hearing by telephone, if she desired (*see Matter of James Carton K.*, 245 AD2d 374, 377 [1997]; *Matter of Raymond Dean L.*, 109 AD2d 87, 88 [1985]). The mother did not request that the fact-finding hearing be reopened. In addition, the mother's attorney was in contact with her, and vigorously represented her interests at the hearings (*see Matter of Joseluise Juan M.*, 302 AD2d 219 [2003], *lv denied* 100 NY2d 508 [2003]; *Matter of Raymond Dean L., supra*).

Furthermore, the Family Court properly determined that the petitioner established by clear and convincing evidence that, despite its diligent efforts to encourage and strengthen the parental relationship, the mother permanently neglected the child by failing to maintain continuous contact with him on a regular basis and failing to plan for his future (*see Matter of Rondale L.*, 247 AD2d 617 [1998]). While there was evidence that the mother took some steps to comply with the court-ordered service plan, it was not sufficient to preclude a finding of permanent neglect (*see Matter of Shane Anthony P.*, 307 AD2d 297 [2003], *lv denied* 100 NY2d 513 [2003]; *Matter of Diana L.*, 299 AD2d 359 [2002]).

The Family Court properly refused to suspend judgment (*see Matter of Olivia Susan C.*, 2 AD3d 441 [2003]; *Matter of Marie J.*, 307 AD2d 265 [2003]; *Matter of Precious Sarah B.*, 269 AD2d 393 [2000]). Altman, J.P., Florio, Smith and Rivera, JJ., concur.