■ In the Matter of ANTONETTE ALASHA E. CONCORD FAMILY SERVICES, INC., Respondent; CHRISELLA E., Appellant. (Proceeding No. 1.) In the Matter of ANTHONY LAWRENCE E. CONCORD FAMILY SERVICES, INC., Respondent; CHRISELLA E., Appellant. (Proceeding No. 2.) In the Matter of "BABY BOY" E. CONCORD FAMILY SERVICES, INC., Respondent; CHRISELLA E., Appellant. (Proceeding No. 3.) In the Matter of ZAIRE COZINE E. CONCORD FAMILY SERVICES, INC., Respondent; CHRISELLA E., Appellant. (Proceeding No. 4.) [777 NYS2d 757]—In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground, inter alia, of permanent neglect, the mother appeals, as limited by her brief, from so much of four orders of fact-finding and disposition of the Family Court, Kings County (Elkins, J.), all dated March 17, 2003 (one as to each child), as, after a joint dispositional hearing, terminated her parental rights upon finding that she permanently neglected

the subject children, freed them for adoption, and transferred custody and guardianship of the children to Concord Family Services, Inc., and the Commissioner of Social Services of the City of New York.

Ordered that the orders are reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new joint dispositional hearing.

During the pendency of this appeal, the petitioner agency filed reports with the Family Court indicating that the mother made substantial progress in overcoming her drug dependency, secured housing suitable for the subject children, completed vocational training, and became employed. Further, the proposed adoptive mother died. We take judicial notice of the new facts and allegations indicating that the record before us is no longer sufficient to determine the mother's fitness and the best interests of the children (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Wesley R., 307 AD2d 360 [2003]).

The appellant and the Law Guardian argue that a suspended judgment should be granted. However, because a year has passed since the original orders of fact-finding and disposition, this remedy would only cause additional delay and would be inappropriate (see Family Ct Act § 633 [b]; Matter of Danny Darrell V., 284 AD2d 247 [2001]; Matter of Jelissa Ninette O., 233 AD2d 874, 875 [1996]). Nevertheless, since a significant change of circumstances has been substantiated, the unique circumstances of this case warrant a new joint dispositional hearing and determinations. We express no opinion as to the appropriate dispositions. Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.