In the Matter of DANIELLE M., an Infant. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS M., Appellant. [808 NYS2d 873]—

Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered August 30, 2004 in a proceeding pursuant to Social Services Law § 384-b. The order adjudged the subject child to be an abandoned child and committed the guardianship and custody of the child to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order granting the petition seeking termination of his parental rights on the ground of abandonment. At the time of the hearing on the petition, respondent was incarcerated in Pennsylvania. Respondent participated in the first two court appearances by telephone, but thereafter refused to participate by telephone. We note that the order on appeal is incorrectly titled a "default" order of disposition. Respondent's counsel appeared at and participated in the hearing, and thus there was no default (*see Matter of Sales v Gisendaner*, 272 AD2d 997 [2000]; *Matter of Jennifer DD.*, 227 AD2d 675, 676 [1996]).

Contrary to the contention of respondent, petitioner established by clear and convincing evidence that he failed to communicate with either the child or petitioner during the relevant period of time (*see Matter of Rosalinda R.*, 16 AD3d 1063, 1064 [2005], *lv denied* 5 NY3d 702 [2005]; *Matter of Brianna K.J.W.*, 15 AD3d 880, 880-881 [2005]). Also contrary to the contention of respondent, he was not denied his right to due process when Family Court proceeded with the hearing in his absence (*see Matter of Robert David L.*, 7 AD3d 529, 530 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of James Carton K.*, 245 AD2d 374,

375-377 [1997], *lv denied* 91 NY2d 809 [1998]; *see also Matter of William EE.*, 245 AD2d 813, 814 [1997]; *Jennifer DD.*, 227 AD2d at 675-676). The court arranged for respondent to participate in the hearing by telephone, and respondent's counsel represented respondent's interests at the hearing (*see Robert David L.*, 7 AD3d at 530; *Matter of Raymond Dean L.*, 109 AD2d 87, 90-91 [1985]). Finally, we reject the contention of respondent that he did not receive effective assistance of counsel (*see Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]; *Matter of Bates v Bates*, 290 AD2d 732, 734 [2002]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.