■ In the Matter of LILLIAN D.L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOLLY L., Appellant. [813 NYS2d 784]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the mother appeals from an order of disposition of the Family Court, Suffolk County (Lehman, J.), entered November 1, 2005, which, after fact-finding and dispositional hearings, and upon finding that she abandoned the subject child, terminated her parental rights and transferred guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A parent's right to be present for fact-finding and dispositional hearings in proceedings to terminate parental rights is not absolute (*see Matter of Ramon David W.,* 290 AD2d 357 [2002]; *Matter of Raymond Dean L.,* 109 AD2d 87, 88 [1985]). The child whose guardianship and custody is at stake also has a fundamental right to a prompt and permanent adjudication (*see Matter of Raymond Dean L., supra* at 90). Thus, when faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed (*see Matter of James Carton K.,* 245 AD2d 374, 377 [1997]).

In the instant proceeding, the Family Court providently exercised its discretion in conducting the fact-finding hearing in the mother's absence. In light of the mother's past refusal to participate in this proceeding due to an alleged mental illness, and the amount of time that the child already had spent in foster care, the Family Court did not err in proceeding in the mother's absence (*see Matter of William EE.,* 245 AD2d 813, 814 [1997]; *Matter of Raymond Dean L., supra* at 89). Moreover, the guardian ad litem appointed for the mother and the mother's attorney vigorously represented her interests at the hearing (*see Matter of Robert David L.,* 7 AD3d 529, 530 [2004]; *Matter of Raymond Dean L., supra* at 89).

The Family Court properly found, upon clear and convincing evidence, that the mother abandoned the subject child during the six-month period immediately preceding the filing of the petition (*see* Social Services Law § 384-b [5]; *Matter of Andrew R.,* 21 AD3d 378 [2005]; *Matter of Saquan L.E.,* 19 AD3d 418, 419 [2005]). Furthermore, the Family Court properly concluded that termination of the mother's parental right was in the child's best interests (*see Matter of Lamont Dale M.,* 11 AD3d 544 [2004]; *Matter of Jeremiah Kwimea T.,* 10 AD3d 691, 692 [2004]). Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.