In the Matter of GIOVANNIE M.-V., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANERIES V.-A., Appellant. [826 NYS2d 865]—

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered February 15, 2006 in a proceeding pursu-

ant to Social Services Law § 384-b. The order adjudged that the child is a permanently neglected child, transferred the guardianship and custody rights of respondent to petitioner and authorized petitioner to consent to the adoption of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly adjudicated respondent's child to be permanently neglected and terminated respondent's parental rights. Contrary to the contention of respondent, she was not denied due process when the court conducted fact-finding and dispositional hearings in her absence. "[A] parent's right to be present for fact-finding and dispositional hearings in termination cases is not absolute" (*Matter of James Carton K.*, 245 AD2d 374, 377 [1997], *lv denied* 91 NY2d 809 [1998]; *see Matter of Lillian D.L.*, 29 AD3d 583, 584 [2006]; *Matter of Raymond Dean L.*, 109 AD2d 87, 88 [1985]) and, "when faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed" (*James Carton K.*, 245 AD2d at 377; *see Lillian D.L.*, 29 AD3d at 584). Here, respondent and the father of her two children had kidnapped the children from foster care in Erie County and had fled to Puerto Rico. While in Puerto Rico, the father murdered one of the children and, at the time of the hearings at issue, respondent was serving a term of incarceration in Puerto Rico imposed upon her plea of guilty arising from her failure to protect the murdered child. We thus conclude under the circumstances of this case that the court providently exercised its discretion in conducting the hearings in respondent's absence (*see Raymond Dean L.*, 109 AD2d at 88-89; *see generally Lillian D.L.*, 29 AD3d at 584).

We further conclude that respondent received effective assistance of counsel (*see Lillian D.L.*, 29 AD3d at 584; *see also Matter of Brenden O.*, 20 AD3d 722, 723 [2005]; *Matter of Robert David L.*, 7 AD3d 529, 530 [2004], *lv denied* 3 NY3d 606 [2004]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.