■ In the Matter of ERIC L., II., an Infant. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC L., SR., Appellant, et al., Respondent. [857 NYS2d 851]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered May 8, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, terminated the parental rights of respondent Eric L., Sr. on the ground of permanent neglect.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order terminating his parental rights on the ground of permanent neglect and freeing his child for adoption, respondent father contends that Family Court denied him the right to due process by conducting the dispositional hearing in his absence. Because "[t]he child whose guardianship and custody is at stake also has a fundamental right to a prompt and permanent adjudication" (*Matter of James Carton K.*, 245 AD2d 374, 377 [1997], *lv denied* 91 NY2d 809 [1998]; *see Matter of Raymond Dean L.*, 109 AD2d 87, 90 [1985]), " '[a] parent's right to be present for fact-finding and dispositional hearings in termination cases is not absolute' " (*Matter of Giovannie M.-V.*, 35 AD3d 1244, 1245 [2006]; *see James Carton K.*, 245 AD2d at 377; *see generally Raymond Dean L.*, 109 AD2d at 88). The father, who was incarcerated at the time of the fact-finding hearing, was present at that hearing and testified that he planned to place the child with his brother while he was incarcerated. Petitioner had previously determined, however, that placement of the child with the father's brother was an unsuitable arrangement, and the record establishes that, at the dispositional hearing, the father's attorney questioned petitioner's caseworker concerning petitioner's efforts to determine whether there were any suitable relatives of the father with whom the child could be placed. Although, in view of the incarceration of the father at the time of the dispositional hearing, it would have been preferable for the court to order that he be produced for the hearing or to arrange for his participation by telephone (*see Matter of Danielle M.*, 26 AD3d 748 [2006], *lv denied* 7 NY3d 703 [2006]; *Matter of Robert David L.*, 7 AD3d 529, 530 [2004], *lv denied* 3 NY3d 606 [2004]), the record nevertheless establishes that "the [father's] attorney . . . vigorously

represented [his] interests at the hearing[ ]" (*Robert David L.*, 7 AD3d at 530). "Consequently, [the father] . . . cannot be said to have been prejudiced by his absence from the hearing[ ]" (*Matter of Curtis N.*, 288 AD2d 774, 776 [2001], *lv denied* 97 NY2d 610 [2002]).

We reject the further contention of the father that petitioner failed to establish by clear and convincing evidence that it had exercised diligent efforts to encourage and strengthen the parent-child relationship both prior to and during his incarceration (*see* Social Services Law § 384-b [7] [a]; *Matter of Gregory B.*, 74 NY2d 77, 86-87 [1989], *rearg denied sub nom. Willie John B.*, 74 NY2d 880 [1989]; *Matter of Darlene L.*, 38 AD3d 552, 554-555 [2007]). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems that prevent the discharge of the child into their care, and informing the parents of their child's progress" (*Matter of Jessica Lynn W.*, 244 AD2d 900, 900-901 [1997]; *see* Social Services Law § 384-b [7] [f]). Petitioner is not, however, "charged with a guarantee that the parent succeed in overcoming his or her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]; *see Matter of Jamie M.*, 63 NY2d 388, 393 [1984]), and "[p]arents must themselves assume a measure of initiative and responsibility" (*Jamie M.*, 63 NY2d at 393).

With respect to the period of time prior to the father's incarceration, petitioner's caseworker testified that petitioner had developed a plan for the father that included supervised visitation, mental health and substance abuse counseling, parenting classes, and attendance at the child's medical appointments. That plan constituted the requisite diligent efforts to encourage and strengthen the relationship of the father with the child prior to the father's incarceration. Petitioner established that the father did not meaningfully participate in the substance abuse and mental health counseling or the parenting classes and, contrary to the further contention of the father, petitioner had no duty to modify the plan when it became apparent that the father did not make reasonable efforts to avail himself of the services offered by petitioner.

With respect to the period of time during the father's incarceration, we note that the father is correct that petitioner's obligation to exercise diligent efforts to encourage and strengthen the parent-child relationship includes "making suitable arrangements with a correctional facility and other appropriate persons for an incarcerated parent to visit the child within the correctional facility, if such visiting is in the best

interests of the child" (Social Services Law § 384-b [7] [f] [5]). Petitioner is relieved of its obligation to exercise diligent efforts, however, when "[a]n incarcerated parent has failed on more than one occasion while incarcerated to cooperate with an authorized agency in its efforts to assist such parent to plan for the future of the child" (§ 384-b [7] [e] [ii]; *see Matter of Yvonne N.*, 6 AD3d 769, 770 [2004], *lv denied* 3 NY3d 604 [2004]). Here, the father indicated by letter to petitioner's caseworker that he had some relatives, including his brother, with whom the child could be placed while he was incarcerated. When the caseworker asked the father to provide her with contact information for those relatives, the father never replied. We thus conclude that petitioner was relieved of its obligation to exercise diligent efforts while the father was incarcerated, based on the father's failure to cooperate with petitioner during that period of time (*see Yvonne N.*, 6 AD3d at 770). Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.