■ In the Matter of Assatta N.P. Nassau County Department of Social Services, Respondent; Nelson L., Jr., Appellant. [938 NYS2d 916]—

The father's contention that his due process rights were violated because the Family Court addressed the petitioner's motion for summary judgment in his absence is without merit. "While due process of law applies in Family [Court] Act article 10 proceedings and includes the right of a parent to be present at every stage of the proceedings, that right is not absolute" (*Matter of Elizabeth T. [Leonard T.]*, 3 AD3d 751, 753 [2004]; see *Matter of Lillian D.L.*, 29 AD3d 583 [2006]; *Matter of Q.-L.H.*, 27 AD3d 738 [2006]; *Matter of James Carton K.*, 245 AD2d 374, 377 [1997]). Here, balancing the due process rights of the father with the respective rights and "mental and emotional well being of the child," the Family Court did not improvidently exercise its discretion in entertaining the motion in the father's absence (*Matter of Q.-L.H.*, 27 AD3d at 739; see Family Ct Act § 1042; *Matter of Lillian D.L.*, 29 AD3d at 584). In addition, the father was not deprived of the effective assistance of counsel, as counsel is not ineffective for "fail[ing] to make a motion or argument that has little or no chance of success" (*People v*

*Caban*, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]; *see People v Padgett*, 87 AD3d 1166, 1167 [2011]; *Matter of Ruvolo v Herrera*, 62 AD3d 1012 [2009]; *Matter of Alfred C.*, 237 AD2d 517 [1997]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.