The petitioner agency established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the relationship between the mother and the subject child by meeting with the mother to review her service plan, discussing the importance of compliance, providing referrals to the mother for therapy, anger management classes, parenting skills classes, and housing, discussing the importance of the mother’s obtaining suitable income, and scheduling visitation between the mother and the subject child (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Fernando Alexander B. [Simone Anita W.], 85 AD3d 658, 659 [2011]; Matter of John M. [Raymond K.], 82 AD3d 1100 [2011]). Despite these efforts, the mother failed to plan for the future of the child (see Social Services Law § 384-b [7] [c]; Matter of Beyonce H. [Baranaca H.], 85 AD3d 1168, 1169 [2011]). The mother’s partial compliance with the service plan was insufficient to preclude a finding of permanent neglect (see Matter of “Female” C., 55 AD3d 603, 604 [2008]; Matter of Robert David L., 7 AD3d 529, 530 [2004]; Matter of Shane Anthony P., 307 AD2d 297 [2003]).
Furthermore, the Family Court correctly determined that it would be in the child’s best interests to terminate the mother’s *898 parental rights and free the child for adoption by his foster parents, with whom he has resided continuously since 2006 (see Matter of Daevon Lamar P., 48 AD3d 469, 470 [2008]; Matter of Tynell S., 43 AD3d 1171, 1173 [2007]).
The mother’s remaining contentions are without merit. Eng, EJ., Rivera, Hall and Sgroi, JJ., concur.