# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1036

CAF 12-01382

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

IN THE MATTER OF SKYLA H. AND SHAYLEE H.
----------------------------------------------------
JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES,   MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JAMES H., II, RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

MICHAEL D. WERNER, WATERTOWN, FOR PETITIONER-RESPONDENT.

KIMBERLY A. WOOD, ATTORNEY FOR THE CHILDREN, WATERTOWN.

---

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered June 27, 2012 in a proceeding pursuant to Family Court Act article 10. The order determined the subject children to be abused and derivatively abused.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order adjudicating the subject children abused and derivatively abused, respondent father contends that Family Court violated his right to due process by conducting proceedings in his absence. That contention is not preserved for our review (*see Matter of Atreyu G. [Jana M.]*, 91 AD3d 1342, 1342, *lv denied* 19 NY3d 801) and, in any event, we conclude that it is without merit. " 'While due process of law applies in Family [Court] Act article 10 proceedings and includes the right of a parent to be present at every stage of the proceedings, that right is not absolute' " (*Matter of Assatta N.P. [Nelson L.]*, 92 AD3d 945, 945; *see Atreyu G.*, 91 AD3d at 1342). Here, at the time of the article 10 proceeding, the father was incarcerated on criminal charges stemming from his conviction of sexually abusing one of his daughters, i.e., the same conduct that formed the basis for the article 10 proceeding. The father was not present at the court appearance when the court decided petitioner's motion for summary judgment, but we conclude that the father was not prejudiced by his absence from that appearance (*see Matter of Eric L.*, 51 AD3d 1400, 1401-1402, *lv denied* 10 NY3d 716; *see also Assatta N.P.*, 92 AD3d at 945). "It is well settled that evidence that a parent has been convicted of having raped or sexually abused a child is sufficient to support a finding of abuse of that child within the meaning of the Family Court Act" (*Matter of Miranda F. [Kevin D.]*, 91 AD3d 1303, 1305; *see Matter of Doe*, 47 AD3d 283, 285, *lv denied* 10

NY3d 709), and under the circumstances of this case there was nothing the father could have stated at the appearance that would warrant the denial of petitioner's motion for summary judgment.  The father was also not present at the scheduled dispositional hearing, but the father's attorney indicated that his office obtained permission from the father to agree to the proposed disposition (*see generally Matter of Patricia C.*, 63 AD3d 1710, 1711).

We reject the father's further contention that his attorney was ineffective for failing to protect his due process right to appear at the proceedings.  The father failed to "demonstrat[e] both that he . . . was denied meaningful representation and that the deficient representation resulted in actual prejudice" (*Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704; *see Assatta N.P.*, 92 AD3d at 945-946).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court