■ In the Matter of JAHIRA N.D., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; SHANIQUA S.S., Appellant. (Proceeding No. 1.) In the Matter of JOHNAY N.D., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; SHANIQUA S.S., Appellant. (Proceeding No. 2.) [975 NYS2d 744]—

In two proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the mother on the ground of permanent neglect, the mother appeals from two orders of the Family Court, Kings County (Olshansky, J.), both dated August 2, 2012 (one as to each child), which, after fact-finding and dispositional hearings, and upon her default in appearing at the dispositional hearing, inter alia, determined that she permanently neglected the subject children, terminated her parental rights, and placed custody and guardianship of the subject children with the Commissioner of Social Services of the City of New York and Leake and Watts Services, Inc., for the purpose of adoption.

Ordered that the appeals from so much of the orders as terminated the mother's parental rights and freed the children for adoption, upon her default in appearing at the dispositional hearing, are dismissed, without costs or disbursements; and it is further,

Ordered that the orders are affirmed insofar as reviewed, without costs or disbursements.

The Family Court held separate fact-finding and dispositional hearings. The mother failed to appear at a continuation of the fact-finding hearing, and her attorney requested an adjournment. After the court denied that request, the mother's attorney continued to participate in that hearing, at the end of which the court made findings of permanent neglect. Thereafter, when the mother failed to appear at the dispositional hearing, her attorney, although present, did not participate. Thus, since the fact-finding was not made upon default, but the disposition was made upon default (*see Matter of Jaiyeola-Akintunde J.*, 8 AD3d 281, 281 [2004]; *Matter of Vanessa M.*, 263 AD2d 542, 543 [1999]), the mother may appeal from the fact-finding portions of the orders, which found that she had permanently neglected the subject children, but not from the dispositional portions of

the orders, which terminated her parental rights and placed custody and guardianship of the subject children with the Commissioner of Social Services of the City of New York and Leake and Watts Services, Inc. (hereinafter Leake and Watts), for the purpose of adoption (*see Matter of Amber Megan D.*, 54 AD3d 338, 338 [2008]; *Matter of Vanessa M.*, 263 AD2d at 543).

At the fact-finding hearing, Leake and Watts established by clear and convincing evidence that, despite its diligent efforts to encourage and strengthen the relationship between the mother and each of the subject children, the mother failed to plan for their future (*see Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 543 [2013]). Accordingly, Leake and Watts met its burden of proving that the mother permanently neglected her children (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]; *Matter of Angel H. [Omayra G.]*, 107 AD3d 891, 892 [2013]; *Matter of Kevin L. [Jose L.L.]*, 102 AD3d 695, 696 [2013]; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 730-731 [2012]).

Moreover, at the fact-finding hearing, the Family Court did not err in denying the request of the mother's attorney for an adjournment when the mother failed to appear at the continuation of that hearing (*see Matter of Lillian D.L.*, 29 AD3d 583, 584 [2006]; *cf. Matter of Assatta N.P. [Nelson L.]*, 92 AD3d 945, 945 [2012]). Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.