In the Matter of SEAN P.H. EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES et al., Respondents; ROSEMARIE H., Appellant, et al., Respondent. [995 NYS2d 744]—

Appeal from an order of fact-finding and disposition of the Family Court, Richmond County (Karen Wolff, J.), dated November 5, 2012. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred the guardianship and custody of the subject child to the Commissioner of the Administration for Children's Services of the City of New York and Edwin Gould Services for Children and Families for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, she was not deprived of her right to be present when the Family Court denied her attorney's application to delay the start of the fact-finding hearing until the mother's arrival. A parent's right to be present for

fact-finding and dispositional hearings in proceedings to terminate parental rights is not absolute (*see Matter of Lillian D.L.*, 29 AD3d 583, 584 [2006]; *Matter of Ramon David W.*, 290 AD2d 357 [2002]; *Matter of Raymond Dean L.*, 109 AD2d 87, 88 [1985]). The child whose guardianship and custody is at stake also has a fundamental right to a prompt and permanent adjudication (*see Matter of Lillian D.L.*, 29 AD3d at 584; *Matter of Raymond Dean L.*, 109 AD2d at 90). Thus, when faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed (*see Matter of Lillian D.L.*, 29 AD3d at 584; *Matter of James Carton K.*, 245 AD2d 374, 377 [1997]). Here, the mother's attorney could not offer an excuse for the mother's absence at the beginning of the fact-finding hearing. The mother did not call her attorney, her guardian ad litem, the court, or the agency to state that she would be delayed. Moreover, the mother was afforded due process, because both her attorney and her guardian ad litem were present during the direct testimony of the witness who testified in the mother's absence (*see Matter of Lillian D.L.*, 29 AD3d at 584). In addition, after the mother appeared late, the court afforded the mother's attorney an opportunity to conduct cross-examination.

The Family Court properly determined that there was clear and convincing evidence that the mother permanently neglected the subject child by failing, for a year following the child's entrance into foster care, to plan for his return (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of Kendra D. [Amanda D.]*, 81 AD3d 644 [2011]; *Matter of Wesley F.*, 190 AD2d 576 [1993]; *Matter of Gregory Michael M.*, 167 AD2d 469, 470-471 [1990]; *Matter of June Y.*, 128 AD2d 538 [1987]). The record establishes that the petitioner Edwin Gould Services for Children and Families made diligent efforts to help the mother comply with her service plan, which required the mother to obtain a mental health evaluation, seek recurrent mental health services, attend parenting skills classes, and have regular supervised visitation with the child. Further, at the time of the filing of the petition, the mother still had not participated in mental health services, and supervised visitation with the child had been terminated two years prior, because the mother had a physical altercation with the foster mother and agency worker in the child's presence. Furthermore, there is no merit to the mother's contention that the foster care mother thwarted the mother's reunification with the subject child (*cf. Matter of Christopher John B. [Christopher B.]*, 87 AD3d 1133 [2011]; *State of New York ex rel. Wallace v Lhotan*, 51 AD2d 252, 259

[1976]). As the mother failed to complete the required programs, the court properly denied the mother's application for a suspended judgment (*cf. Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d 658 [2013]; *Matter of Christopher Lee B.*, 65 AD3d 549, 550 [2009]; *Matter of Christopher C.*, 58 AD3d 622, 624 [2009]; *Matter of Shaquill Dywon M.*, 50 AD3d 1142, 1145 [2008]; *Matter of Antonette Alasha E.*, 8 AD3d 375, 376 [2004]). Moreover, the court properly determined that termination of the mother's parental rights was in the child's best interests (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of Kendra D. [Amanda D.]*, 81 AD3d at 644; *Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]; *Matter of Kenneth A.*, 206 AD2d 602, 604 [1994]).

Contrary to the mother's contention, the Family Court properly denied her attorney's motion, made during his summation, to withdraw as counsel. The mother's attorney failed to make a showing sufficient to warrant his withdrawal as counsel (*see George v George*, 217 AD2d 913, 914 [1995]; *Catrone v Catrone*, 92 AD2d 559 [1983]). The mother's contention that she was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record establishes that the mother received meaningful representation during the fact-finding hearing and during her attorney's summation (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088 [2013]; *Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049 [2013]; *Matter of Christiana C. [Carleton C.]*, 86 AD3d 606 [2011]). Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.