Matter of Jeffrey J.P. (Anna A.) (2019 NY Slip Op 01770)





Matter of Jeffrey J.P. (Anna A.)


2019 NY Slip Op 01770


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-06956
 (Docket Nos. N-19123-12, N-19124-12)

[*1]In the Matter of Jeffrey J.P. (Anonymous), Jr. Administration for Children's Services, respondent; Anna A. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Anthony M. (Anonymous), Jr. Administration for Children's Services, respondent; Anna A. (Anonymous), appellant. (Proceeding No. 2)


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Deborah E. Wassel of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Emily Ruben, J.), dated October 24, 2016. The order of disposition, upon an order of the same court dated August 18, 2016, which granted the petitioner's motion for summary judgment on the issue of the mother's severe abuse of Jeffrey J. P., Jr., and derivative abuse of Anthony M., Jr., inter alia, placed Jeffrey J. P., Jr., in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and, in effect, denied the mother's motions seeking parental access with Jeffrey J. P., Jr.
ORDERED that the appeal from so much of the order of disposition as placed Jeffrey J. P., Jr., in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and, in effect, denied the mother's motions for parental access with Jeffrey J. P., Jr., is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In 2016, the mother was convicted after trial of murder in the second degree and related charges arising from the death of Jeffrey P., the father of the child Jeffrey J. P., Jr. (hereinafter Jeffrey, Jr.), and stepfather of the child Anthony M., Jr. (hereinafter Anthony). Following the conviction, the petitioner moved for summary judgment against the mother on the issue of severe abuse of Jeffrey, Jr., and derivative abuse of Anthony. The Family Court granted the motion, finding, inter alia, that the mother's conviction should be given collateral estoppel effect, placed the children in the custody of the Commissioner of Social Services of the City of New York [*2](hereinafter the Commissioner) until the completion of the next permanency hearing, and, in effect, denied the mother's motions seeking parental access with Jeffrey, Jr.
The appeal from so much of the order of disposition as placed Jeffrey, Jr., in the custody of the Commissioner until the next permanency hearing and, in effect, denied the mother's motions seeking parental access with Jeffrey, Jr., must be dismissed as academic, as that part of the order has already expired (see Matter of Grayson J. [Sharon H.], 119 AD3d 575, 576). Moreover, since the mother's parental rights were subsequently terminated, and we are affirming the order of fact-finding and disposition in the related termination of parental rights proceeding (see Matter of Jeffrey J. P. [Anonymous], ___ AD3d ___ [Appellate Division Docket No. 2018-06987; decided herewith]), any modification of the portion of the order of disposition in these proceedings that continued the placement of Jeffrey, Jr., and, in effect, denied the mother parental access with Jeffrey, Jr., would have no practical effect (see Matter of Stephen Daniel A. [Sandra M.], 122 AD3d 837; Matter of Ernest Y. v Orange County Dept. of Social Servs., 9 AD3d 411). However, the appeal from the portion of the order of disposition that brings up for review so much of the order of the same court dated August 18, 2016, as granted the petitioner's motion for summary judgment on the issue of the mother's severe abuse of Jeffrey, Jr., and derivative abuse of Anthony is not academic, since the adjudication of abuse constitutes a permanent and significant stigma which might indirectly affect the mother's status in future proceedings (see Matter of Linda F. [Jose F.], 119 AD3d 944).
We agree with the Family Court's determination to grant the petitioner's motion for summary judgment on the issue of the mother's severe abuse of Jeffrey, Jr., and derivative abuse of Anthony. Contrary to the mother's contention, she was not deprived of the effective assistance of counsel. There is nothing in the record that demonstrates that her counsel could have submitted any other evidence in opposition to the summary judgment motion that would have increased her likelihood of defeating the motion (see People v Caban, 5 NY3d 143, 152; Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1288; Matter of Assatta N.P. [Nelson L.], 92 AD3d 945).
RIVERA, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court