■ In the Matter of BRANDON ROBERT LaC., Also Known as BRANDON D., Also Known as BRANDON DeLA T., an Infant. CHRISTINE DeLA T., Appellant; SALVATION ARMY SOCIAL SERVICES OF GREATER NEW YORK, Respondent. [809 NYS2d 55]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered May 25, 2004, which, after fact-finding and dispositional hearings, granted the Salvation Army's petition, terminated respondent mother's parental rights, and transferred

custody and guardianship of the child to the custody of petitioner and the Administration for Children's Services of the City of New York with the authority to consent to his adoption, unanimously modified, on the law, the dispositional determination transferring custody and guardianship for the purpose of adoption vacated, and the matter remanded for a new dispositional hearing to be completed within 60 days of service of a copy of this order on the Clerk of Family Court, New York County, and the parties, and for disposition no later than 75 days after said service, and otherwise affirmed, without costs or disbursements.

The record supports, by clear and convincing proof (Social Services Law § 384-b [3] [g]), Family Court's determination of permanent neglect based upon the mother's failure to plan for the child's future or to take steps to correct the conditions that led to his removal during the relevant one-year period prior to the commencement of this proceeding. While the mother did complete some of the programs recommended to her, she has failed to integrate the teachings into practical use in order to plan for the child's return (see Matter of Kenneth A., 206 AD2d 602, 603 [1994]). The record also reflects the petitioning agency's exercise of the requisite diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]; see Matter of Jamie M., 63 NY2d 388, 390 [1984]). The dispositional determination, however, cannot stand since Family Court abused its discretion in proceeding to the dispositional hearing in the mother's absence due to her temporary incarceration, apparently in connection with a recent arrest, and denying her attorney's request for an adjournment without conducting any inquiry whatsoever. Absent unusual justifiable circumstances, a parent's rights should not be terminated without his or her presence at the hearing (Matter of Laticia B., 156 AD2d 681, 682-683 [1989]). As far as this record discloses, the mother had made all of her court appearances in this matter and a brief adjournment would have sufficed to ascertain when the mother would be available. We remand for a new dispositional hearing to be conducted and completed in the time frame indicated. Concur—Buckley, P.J., Tom, Sullivan, Nardelli and McGuire, JJ.