In the Matter of AMY B. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEE B. et al., Appellants. (Proceeding No. 1.) In the Matter of STEVEN B., an Infant. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEE B. et al., Appellants. (Proceeding No. 2.) [830 NYS2d 294]—

In two related proceedings to terminate parental rights pursuant to Social Services Law § 384-b, the parents separately appeal from an order of fact-finding and disposition (one paper) of the Family Court, Orange County (Klein, J.), entered April 11, 2005, which, after fact-finding and dispositional hearings, found that the subject children were permanently neglected and committed guardianship and custody rights of the subject children to the Orange County Department of Social Services for purposes of adoption.

Ordered that the appeals from so much of the order of fact-finding and disposition as committed the guardianship and custody rights of the child Amy B. to the Orange County Department of Social Services are dismissed as academic, since Amy B. has reached 18 years of age; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The Family Court properly found that the agency fulfilled its duty of pleading and proving diligent efforts. The permanent neglect petition alleged that the agency had made diligent efforts to encourage and strengthen the parental relationship by providing casework counseling regarding the allegations of abuse, providing supervised visitation with the subject children, and maintaining contact with the family's treatment providers. There was no dispute at the hearings that the parents and children were all provided with therapy to deal with the problem of sexual abuse, that the mother had regular biweekly visitation with Steven B., and that the father had therapy sessions with Steven B. at which he admitted the abuse. When, as here, an agency has assisted a parent through meaningful efforts to provide counseling with respect to a problem that impedes the return of the child, to assist in planning for the child's future,

and to schedule regular and meaningful visits with the child, it will be found that the agency has satisfied its statutory duty (*see Matter of Sheila G.*, 61 NY2d 368, 384 [1984]; Social Services § Law 384-b [7] [f]).

The Family Court properly found that the parents had failed to plan for Steven B.'s future. Although the father initially admitted abusing Amy B., he later refused to acknowledge that any abuse occurred, and the mother ultimately denied that any abuse occurred. The father never successfully completed sexual offender treatment, having been discharged for failure to make progress. Although the mother contends that she was never offered a means to re-establish visitation and custody separate and apart from the father, it is not clear how she would be able to protect Steven B. when she does not believe that any abuse occurred. A parent's efforts to remedy the conditions which resulted in a child's removal are clearly unsatisfactory when they consist of a mere denial of all culpability or responsibility for past conduct (*see Matter of Jennifer R.*, 29 AD3d 1003 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Sonia H.*, 177 AD2d 575 [1991]). Because the parents' failure to admit the abuse prevented them from making therapeutic progress, they cannot make an adequate plan for Steven B. (*see Matter of Travis Lee G.*, 169 AD2d 769 [1991]).

The evidence at the dispositional hearing established by a preponderance of the evidence that termination of parental rights and adoption was in Steven B.'s best interest, which is the paramount concern in a dispositional hearing (*see Matter of Jennifer R.*, 29 AD3d 1003 [2006], *lv denied* 7 NY3d 717 [2006], *supra*; *Matter of Lemar H.*, 23 AD3d 383 [2005]). The court did not err in dispensing with the notice requirement for adoption proceedings. Domestic Relations Law § 111 (2) (c) provides that consent to dispense with that notice shall not be required of a parent for whose child a guardian has been appointed under Social Services Law § 384-b.

The father was not denied due process because he was not offered an alternative to termination of parental rights, such as a suspended judgment. A suspended judgment may be granted to give a parent of a permanently neglected child a second chance, but only when the court determines that it is in the child's best interests (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *Matter of Joshua BB.*, 27 AD3d 867 [2006]). Here, the court properly found that it is in Steven B.'s best interests to be placed for adoption.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.