In the Matter of FRANKIE L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DUSTIN L. et al., Appellants. (Proceeding No. 1.) In the Matter of KIRA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DUSTIN L. et al., Appellants. (Proceeding No. 2.) In the Matter of GAVIN G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DUSTIN L. et al., Appellants. (Proceeding No. 3.) [34 NYS3d 626]—

Appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated January 6, 2015. The order, after fact-finding and dispositional hearings, found that the mother and the father permanently neglected the subject children, terminated their parental rights, and transferred guardianship and custody of the children to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The petitioner commenced these proceedings to terminate the parental rights of the mother and the father (hereinafter together the parents) on the ground that they had permanently neglected the subject children. After fact-finding and dispositional hearings, the Family Court found that the parents had permanently neglected the children, terminated their parental rights, and committed guardianship and custody of the children to the petitioner for the purposes of adoption. The parents appeal.

Contrary to the parents' contentions, the Family Court properly found that the petitioner made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]), and that the parents failed to plan for the children's future. "At a minimum, planning for the future of the [children] requires the parent to take steps to correct the conditions that led to the [children's] removal from the home" (*Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]; *see Matter of Carmine A.B. [Nicole B.]*, 101 AD3d 711, 712 [2012]). "A parent's efforts to remedy the conditions which resulted in . . . removal are clearly unsatisfactory when they consist of a mere denial of all culpability or responsibility for past conduct" (*Matter of Amy B.*, 37 AD3d 600, 601 [2007]; *see Matter of Sonia H.*, 177 AD2d 575, 576 [1991]). Here, the evidence at the fact-finding hearing showed that the parents failed to gain insight into the problems that caused the children's removal and that were preventing the children's return to their care (*see Matter of Victoria C. [Cassandra C.]*, 106 AD3d 1084, 1085 [2013]). Accordingly, the court properly found that the parents permanently neglected the children.

The Family Court also properly determined that it was in the children's best interests to terminate the parents' parental rights. A suspended judgment was not appropriate in light of the parents' failure to acknowledge, appreciate, and address the primary issues which led to the removal of the children in the first instance (*see id.*). Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.