*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016          521807
_____

In the Matter of CHLOE N.,
    Alleged to be an Abandoned
    Child.

BROOME COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                        MEMORANDUM AND ORDER
                    Respondent;

JOSHUA N.,
                    Appellant,
                    et al.,
                    Respondent.
_____

Calendar Date:   September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Michelle I. Rosien, Philmont, for appellant.

        Thomas P. Coulson, Broome County Department of Social
Services, Binghamton, for respondent.

        Marcia Heller, Rock Hill, attorney for the child.

_____

Mulvey, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered August 24, 2015, which granted
petitioner's application, in a proceeding pursuant to Social
Services Law § 384-b, to adjudicate the subject child to be
abandoned, and terminated the parental rights of respondent
Joshua N.

The subject child (born in 2010) was removed from the care of her parents, respondent Joshua N. (hereinafter respondent) and respondent Kaitlin R., and placed in petitioner's custody in January 2011, less than four months after the child was born. Petitioner commenced this proceeding in December 2014 to terminate respondents' parental rights on the basis of abandonment.[1] The first appearance on the petition was held in April 2015, at which time it was agreed that the parties would engage in permanency mediation to negotiate the terms of a possible conditional surrender of the child. A trial date was set for July 24, 2015. The mediation took place on May 29, 2015, and a report was sent to Family Court indicating that an agreement had been reached.[2] Respondent was represented by counsel at the first appearance and at the mediation. Because he is a resident of North Carolina, he was permitted to appear by telephone on both occasions. While the record does not reveal how or why the trial date of July 24, 2015 was changed, an order issued on June 26, 2015, which was entered and served on respondent's counsel on July 13, 2015, merely stated that the "next court date is August 4, 2015" and it did not indicate that the trial would be held on that date.

Indeed, at the time of the initial appearance, the mother had not yet been served. Nevertheless, counsel for petitioner, respondent and the attorney for the child appeared on August 4, 2015. At the commencement of the proceeding, respondent's counsel was informed by Family Court that the case would be tried

---

[1] Although both parents are named in the petition, the mother is not named in the order appealed from nor is she a party to this appeal.

[2] Petitioner and respondent agreed to a conditional surrender on May 29, 2015 which, if approved, would afford respondent two visits per year with the child as well as 12 phone calls per year and an annual photograph of the child. The record does not indicate whether Family Court ever considered the agreement reached at the mediation. Consequently, it would be reasonable for respondent and his counsel to surmise that a trial or final hearing was not yet imminent.

at that time and he expressed his belief that the proceeding had been scheduled as a pretrial conference.[3] He moved to be relieved as counsel, stating that he had not communicated with respondent about the trial. Family Court denied his application. Prior to hearing testimony, Family Court stated its intention to reserve decision for 30 days and proceeded with the hearing in respondent's absence. Testimony was presented by petitioner. The record shows that there was no attempt to reach respondent on the phone at any time during the hearing. Prior to the close of proof, respondent's counsel requested an adjournment to permit respondent to appear and present a case. Family Court denied the request and stated that it would reserve decision until September 8, 2015, and that, if counsel could produce respondent and "seek to offer some testimony[, counsel] can certainly ask [the court] to re-open it and [the court will] jam it in on the calendar." However, by an order dated August 13, 2015 and entered August 24, 2015, Family Court adjudicated the child to be abandoned by respondent and terminated his parental rights. The record shows that the order was served on respondent by mail and on his counsel by email. Respondent appealed this order. By separate order dated September 9, 2015, Family Court stayed its August 13, 2015 order until September 25, 2015.[4] There is no indication in the record that copies of the subsequent stay order were sent to either respondent or to his counsel.

Respondent contends that Family Court's determination that he abandoned the child lacks a sound and substantial basis in the record, as he communicated with the child and the foster family during the six-month period preceding the petition, evincing his desire to maintain a relationship with the child. Respondent additionally avers that, had he been able to attend the hearing, he would have presented evidence that demonstrated his additional efforts and inability to visit the child. Finally, respondent

---

[3]   As of the court hearing on August 4, 2015, the mother still had not yet been served.

[4]   The September 9, 2015 stay order erroneously refers to September 7, 2015 as the date that Family Court stated it would render a decision on the petition.

contends that he did not receive the effective assistance of counsel, insofar as his attorney, among other things, was not aware that his case was scheduled for trial, failed to communicate with him prior to such trial or request that respondent appear by telephone, nor did counsel move to reopen the proceedings to allow respondent to present testimony. As such, he was denied his due process rights.

We reverse. A parent has a due process right to be present during proceedings to terminate parental rights, but that right "is not absolute and must be balanced with the child's right to a prompt and permanent adjudication" (Matter of Eileen R. [Carmine S.], 79 AD3d 1482, 1483 [2010]). "Absent unusual justifiable circumstances, a parent's rights should not be terminated without his or her presence at the hearing" (Matter of Brandon Robert LaC., 26 AD3d 211, 212 [2006] [citation omitted]). Under the circumstances here, a brief adjournment to allow participation by respondent would not have significantly impinged upon the child's right to a prompt hearing (id.), especially since respondent may have been the only witness regarding his defense that he had attempted to contact the child (see Matter of Eileen R. [Carmine S.], 79 AD3d at 1485). Because the record does not provide any indication that either respondent or his counsel was aware that the August 4, 2015 proceeding was scheduled as a final hearing or trial on the petition, and because the record likewise provides no indication that either was aware of the stay expiring on September 25, 2015, we find that respondent was denied "some opportunity to participate in a meaningful way" (Matter of Eileen R. [Carmine S.], 79 AD3d at 1486; see Matter of Sonara HH. [Robert HH.], 128 AD3d 1122, 1123-1124 [2015], lvs dismissed 25 NY3d 1220, 1221 [2015]). Thus, respondent is entitled to a new hearing, with new counsel assigned to represent him. Respondent's remaining contentions are, therefore, rendered academic.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court