Matter of Jonathan N., Jr. (Jonathan N., Sr.) (2021 NY Slip Op 03034)





Matter of Jonathan N., Jr. (Jonathan N., Sr.)


2021 NY Slip Op 03034


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-04149
 (Docket No. B-20740-18)

[*1]In the Matter of Jonathan N., (Anonymous), Jr. Coalition for Hispanic Services, petitioner-respondent; Jonathan N., (Anonymous), Sr., respondent-appellant, et al., respondent.

 
 

Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.
Barbara J. Caravello, Jamaica, NY, for respondent-appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated March 3, 2020. The order denied the father's motion, in effect, to vacate so much of an order of fact-finding and disposition of the same court (Diane Costanzo, J.) dated October 7, 2019, as, upon his failure to appear at a hearing, found that he abandoned the subject child.
ORDERED that on the Court's own motion, the notice of appeal from the order dated March 3, 2020, is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated March 3, 2020, is reversed, on the law, without costs or disbursements, and the father's motion to vacate so much of the order of fact-finding and disposition as found that he abandoned the subject child is granted.
The appellant (hereinafter the father) is the father of the subject child. In December 2016, the subject child was placed into the custody of the petitioner, the Coalition for Hispanic Family Services, as a result of a domestic violence incident between the child's mother and the father of her three other children. The subject child was released to the father in March 2017, but was placed back into the petitioner's custody in August 2017 when the father was unable to care for him. Over the ensuing months the child was twice trial-discharged to the mother, but was again placed into the petitioner's custody in May 2018.
By petition dated October 8, 2018, the petitioner alleged, inter alia, that the mother permanently neglected the child, and that the father abandoned or permanently neglected the child (see Social Services Law § 384-b[4][b], [d]).
The father failed to timely appear at a hearing on May 28, 2019, and the Family Court proceeded with an inquest as to the father's abandonment of the child. In an order dated October 7, 2019, the court, among other things, upon the father's failure to appear at the hearing, found that he abandoned the child.
On November 7, 2019, the father appeared at a permanency hearing, at which the Family Court indicated that it had issued an order, upon his failure to appear at the hearing, finding that he abandoned the child. The father subsequently moved to vacate the October 7, 2019 order. The Family Court denied the motion in an order dated March 3, 2020, and the father appeals.
A parent seeking to vacate an order entered upon their default in a termination of parental rights proceeding must establish a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (see CPLR 5015[a][1]; Matter of Johanna B. [Grace B.], 157 AD3d 668).
Here, the father presented a reasonable excuse for his failure to timely appear at the May 28, 2019 fact-finding hearing. The father did in fact appear in court on the hearing date, but the proceedings had already concluded. This was the father's first appearance in the proceeding, and there is no indication that the father was notified by the Family Court or counsel of the hearing (see Matter of Chloe N. [Joshua N.], 143 AD3d 1114; Matter of Sonara HH., 128 AD3d 1122). Indeed, the father was unrepresented by counsel at that time, and claims that he was not offered assigned counsel on May 28, 2019. The father had a right to the assistance of counsel in this proceeding, in which he faced a potential termination of his parental rights (see Family Ct Act § 262[a][iv]). Parental rights may not be curtailed without a meaningful opportunity to be heard, which includes the assistance of counsel (see Matter of Ella B., 30 NY2d 352).
In addition, the father established a potentially meritorious defense to the allegations of abandonment. Social Services Law § 384-b(5)(a) provides that "a child is 'abandoned' by his parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency." Abandonment must be proven by clear and convincing evidence (see Matter of Annette B., 4 NY3d 509, 514). Termination of parental rights is authorized by Social Services Law § 384-b(4)(b) when the parent abandoned the child for a period of six months immediately prior to the date of the filing of the petition. Here, the father's allegations regarding his attempts to contact the agency and visit with the child potentially extend into the relevant six-month period prior to the October 2018 petition. Accordingly, the father's motion to vacate should have been granted.
The petitioner's remaining contention is without merit.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court