Matter of Jayson C. (Kimberly C.) (2023 NY Slip Op 04455)

Matter of Jayson C. (Kimberly C.)

2023 NY Slip Op 04455

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2022-01571
2022-01573
2022-01849
2022-04296
2022-05233
2023-05143
 (Docket Nos. B-33737-17, B-33738-17)

[*1]In the Matter of Jayson C. (Anonymous), Jr. Mercy First, respondent; Kimberly C. (Anonymous), et al., appellants. (Proceeding No. 1.)
In the Matter of Nathaniel C. (Anonymous). Mercy First, respondent; Kimberly C. (Anonymous), et al., appellants. (Proceeding No. 2.)

Anna Stern, Brooklyn, NY, for appellant Kimberly C. (Anonymous).
Warren S. Hecht, Forest Hills, NY, for appellant Jayson C. (Anonymous).
Ira L. Eras, P.C., Brooklyn, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an amended order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated March 1, 2022, and an order of disposition of the same court, also dated March 1, 2022, and the father appeals from an order of fact-finding of the same court dated November 30, 2020, a separate order of disposition of the same court, also dated March 1, 2022, and two orders of disposition of the same court (one as to each child), both dated June 14, 2022. The amended order [*2]of fact-finding dated March 1, 2022, after a hearing, found that the mother permanently neglected the subject children. The first order of disposition dated March 1, 2022, upon the amended order of fact-finding dated March 1, 2022, after a hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The order of fact-finding dated November 30, 2020, after a hearing, found that the father's consent to the adoption of the subject children was not required and, in the alternative, that the father abandoned and permanently neglected the subject children. The second order of disposition dated March 1, 2022, insofar as appealed from, upon the order of fact-finding dated November 30, 2020, after a hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The orders of disposition dated June 14, 2022, inter alia, transferred custody of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that on the Court's own motion, the mother's notice of appeal is deemed to be a premature notice of appeal from the orders of disposition dated June 14, 2022 (see CPLR 5520[a]); the mother's appeals from the orders of disposition dated June 14, 2022, shall be prosecuted under Appellate Division Docket Nos. 2022-05233 and 2023-05143, and not under Appellate Division Docket Nos. 2022-01571 and 2022-01573; and it is further,
ORDERED that the father's appeal from the order of fact-finding dated November 30, 2020, is dismissed, without costs or disbursements, as no appeal lies from a nondispositional order in a proceeding pursuant Social Services Law § 384-b (see Family Ct Act § 1112; Matter of Sheldon D.G., 6 AD3d 613; see also Matter of Alyssa L. [Deborah K.], 93 AD3d 1083, 1084-1085); and it is further,
ORDERED that the father's appeal from the second order of disposition dated March 1, 2022, is dismissed, without costs or disbursements, as that order was superseded by the orders of disposition dated June 14, 2022; and it is further,
ORDERED that the orders of disposition dated June 14, 2022, are affirmed, without costs or disbursements.
The appellants, Kimberly C. (hereinafter the mother) and Jayson C. (hereinafter the father), are the parents of the subject children, Jayson C., Jr., and Nathaniel C., born in 2009 and 2010, respectively. The father has been incarcerated since 2010. In 2012, a finding of neglect was entered against the mother based upon her failure to protect the children from abuse by her then-partner, and the children were removed from her care. The children subsequently were returned to the mother's care, but were again removed from her care in 2014 for failing to protect the children from abuse by a different partner. The children were placed together in foster care and have remained with the same foster parents since 2014.
In 2017, the petitioner commenced these proceedings, inter alia, to terminate parental rights, alleging, among other things, that the mother had permanently neglected the children and that the father's consent to the adoption of the children was not required, or, in the alternative, that the father had abandoned and permanently neglected the children.
Following a fact-finding hearing, the Family Court found that the father's consent to the adoption of the children was not required, and, in the alternative, that the father had abandoned and permanently neglected the children. After a separate fact-finding hearing, the court found that the mother permanently neglected the children. Upon those findings, and after a dispositional hearing, the court terminated the mother's parental rights and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The father and the mother appeal.
Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that, despite its diligent efforts to encourage and strengthen the parental relationship between the mother and the children, the mother failed to adequately plan for the children's future (see Social Services Law § 384-b[7][a]; Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 914). "At a minimum, planning for the future of the [children] requires the parent to take steps to correct the conditions that led to the [children's] removal from the home" (Matter of Frankie L. [Dustin L.], 141 AD3d 657, 658 [internal quotation marks omitted]). "A parent's efforts to remedy the conditions which resulted in . . . removal are clearly unsatisfactory when they consist of a mere denial of all culpability or responsibility for past conduct" (Matter of Amy B., 37 AD3d 600, 601; see Matter of Frankie L. [Dustin L.], 141 AD3d at 658). Here, the evidence at the fact-finding hearing showed that the mother failed to gain insight into the problems that caused the children's removal and that were preventing the children's return to her care (see Matter of Frankie L. [Dustin L.], 141 AD3d at 658; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 731; Matter of Dariana K.C. [Katherine M.], 99 AD3d 899, 901).
Further, the record supports the Family Court's determination that the best interests of the children would be served by terminating parental rights and freeing them for adoption by their foster parents, with whom they have bonded and resided over a prolonged period of time (see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 732).
Contrary to the father's contention, viewed in totality, the record reflects that he received meaningful representation (see Matter of Fatoumata A.C. [Amadou C.], 206 AD3d 991, 992). Further, he was not denied his right to counsel or deprived of due process. "A parent's right to be present for fact-finding and dispositional hearings in proceedings to terminate parental rights is not absolute" (Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 850-851; see Matter of Lillian D.L., 29 AD3d 583, 584). "The child whose guardianship and custody is at stake also has a fundamental right to a prompt and permanent adjudication" (Matter of Sean P.H. [Rosemarie H.], 122 AD3d at 851; see Matter of Lillian D.L., 29 AD3d at 584). "Thus, when faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed" (Matter of Sean P.H. [Rosemarie H.], 122 AD3d at 851; see Matter of Lillian D.L., 29 AD3d at 584). Here, the Family Court struck the appropriate balance between those competing rights and interests and took appropriate measures to protect the father's rights.
Accordingly, we affirm the orders of disposition dated June 14, 2022.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court