Matter of Justina C. M. J. (Chantilly J.) (2025 NY Slip Op 01805)

Matter of Justina C. M. J. (Chantilly J.)

2025 NY Slip Op 01805

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-02324
2022-02325
 (Docket Nos. B-1084-20, B-1085-20, B-1086-20, B-1087-20)

[*1]In the Matter of Justina C. M. J. (Anonymous). Westchester County Department of Social Services, respondent; Chantilly J. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Stephen F. L. J. (Anonymous). Westchester County Department of Social Services, respondent; Chantilly J. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Maximus L. J. (Anonymous). Westchester County Department of Social Services, respondent; Chantilly J. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Amanda J. O. (Anonymous). Westchester County Department of Social Services, respondent; Chantilly J. (Anonymous), appellant. (Proceeding No. 4.)

Steven P. Forbes, Huntington, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.
Keith J. Ingber, Thompson Ridge, NY, attorney for the child Justina C. M. J.
Maria J. Frank, Yorktown Heights, NY, attorney for the child Stephen F. L. J.
Kelli M. O'Brien, Goshen, NY, attorney for the child Maximus L. J.
Karen M. Jansen, White Plains, NY, attorney for the child Amanda J. O.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition of the Family Court, Westchester County (Nilda Morales-Horowitz, J.) (one as to the subject child Amanda J. O. and one as to the subject children Justina C. M. J., Stephen F. L. J., and Maximus L. J.), both dated February 23, 2022. The order of [*2]fact-finding and disposition relating to the subject child Amanda J. O., after a hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for that child, terminated her parental rights, and transferred guardianship and custody of that child to the petitioner for the purpose of adoption. The order of fact-finding and disposition relating to the subject children Justina C. M. J., Stephen F. L. J., and Maximus L. J., after a hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for those children, terminated her parental rights, and transferred guardianship and custody of those children to the petitioner.
ORDERED that the appeal from so much of the order of fact-finding and disposition relating to the subject child Amanda J. O. as terminated the mother's parental rights and transferred guardianship and custody of that child to the petitioner for the purpose of adoption is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition relating to the subject child Amanda J. O. is reversed insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition relating to the subject children Justina C. M. J., Stephen F. L. J., and Maximus L. J. is reversed, on the law and in the exercise of discretion, without costs and disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject children, alleging that she suffered from a mental illness that put the children in danger of becoming neglected if they were returned to her care. On March 9, 2021, the Family Court granted the mother's application to represent herself in the proceedings with the assistance of a legal advisor.
On December 8, 2021, the Family Court commenced a hearing on the petitions in the mother's absence, despite a representation from the mother's legal advisor that the mother had been directed by her medical provider to quarantine and was requesting an adjournment. The hearing continued on December 15, 2021, at which point the mother appeared and made certain applications to the court, including for additional time to obtain new counsel, to review evidence admitted on the prior date, and to consult with her legal advisor. The court denied the mother's applications and, after a verbal exchange, directed that the mother be removed from the courtroom for the remainder of the hearing. Thereafter, in an order of fact-finding and disposition, the court found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child Amanda J. O., terminated the mother's parental rights, and transferred guardianship and custody of that child to the petitioner for the purpose of adoption. In a separate order of fact-finding and disposition, the court found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children Justina C. M. J., Stephen F. L. J., and Maximus L. J., terminated the mother's parental rights, and transferred guardianship and custody of those children to the petitioner. The mother appeals.
The appeal from so much of the order of fact-finding and disposition relating to Amanda J. O. as terminated the mother's parental rights and transferred custody of that child to the petitioner for the purpose of adoption must be dismissed as academic, since that child has since reached the age of 18 (see Matter of Marthina S.J.Z.H.-B.R. [Calvin R.], 198 AD3d 655, 657). Nevertheless, the mother's challenge to the Family Court's finding that her mental illness rendered her unable to provide proper and adequate care for Amanda J. O. is not academic, since such finding was in and of itself stigmatizing to the mother and might indirectly affect the mother's status in future proceedings (see id.).
"A parent has a due process right to be present during proceedings to terminate parental rights" (Matter of Jacqueline E.S.B. [Daniel B.], 160 AD3d 828, 828; see Matter of Laticia [*3]B., 156 AD2d 681, 682). Nonetheless, "[a] parent's right to be present for fact-finding and dispositional hearings in proceedings to terminate parental rights is not absolute" (Matter of Jayson C. [Kimberly C.], 219 AD3d 949, 952 [internal quotation marks omitted]). "The child whose guardianship and custody is at stake also has a fundamental right to a prompt and permanent adjudication" (id. [citations and internal quotation marks omitted]). "Thus, when faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed" (id. [internal quotation marks omitted]).
Here, based on a confluence of factors, the mother was deprived of her due process right to be present in the proceedings seeking to terminate her parental rights. First, the Family Court determined to commence the hearing in the mother's absence, even though she was proceeding pro se and had made representations to the court through her legal advisor that she had been directed to quarantine by her medical provider and was requesting an adjournment (see Matter of Jonathan N., Jr. [Jonathan N., Sr.], 194 AD3d 815, 816; Matter of Chloe N. [Joshua N.], 143 AD3d 1114, 1116). Notably, the record does not indicate that the mother had a history of failing to appear, nor did the court apparently rely on that factor in deciding to commence the hearing in the mother's absence (cf. Matter of Jasiah T.-V.S.J. [Joshua W.—Shatesse J.], 166 AD3d 876, 878).
Furthermore, when the hearing continued one week later, the Family Court improvidently exercised its discretion in denying the mother's requests, among other things, for a copy of her own court-ordered psychiatric evaluation, which, at that point, was in evidence, and for additional time to obtain a court transcript and to consult with her legal advisor. Perhaps most significantly, the court abused its discretion in excluding the mother from the courtroom for the remainder of the hearing, without the issuance of a warning and with knowledge of the mother's diagnoses contained in the psychiatric evaluation (see 22 NYCRR 205.4[b]; see also People v Antoine, 189 AD3d 1445, 1446-1447). Thus, on both dates of the hearing, the mother was left without an advocate (cf. Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 851).
Under these circumstances, the mother was deprived of her due process right to be present in the proceedings. The deprivation of the mother's right to due process requires reversal without regard to the merits of her position on the petitions (see Matter of Chloe N. [Joshua N.], 143 AD3d at 1116; cf. Matter of Sa'Nai F.B.M.A. [Chaniece T.], 232 AD3d 597, 599; Matter of Jonathan N., Jr. [Jonathan N., Sr.], 194 AD3d at 816). Accordingly, we reverse the order of fact-finding and disposition relating to Amanda J. O. insofar as reviewed, reverse the order of fact-finding and disposition relating to Justina C. M. J., Stephen F. L. J., and Maximus L. J., and remit the matter to the Family Court, Westchester County, for a new hearing, after the mother has been assigned counsel or permitted an opportunity to retain counsel, with respect to Justina C. M. J., Stephen F. L. J., and Maximus L. J.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court