Matter of Chloe Ann Marie W. (2026 NY Slip Op 01795)

Matter of Chloe Ann Marie W.

2026 NY Slip Op 01795

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-07789
 (Docket No. B-4054/20)

[*1]In the Matter of Chloe Ann Marie W. (Anonymous). Forestdale, Inc., respondent; Tara W. (Anonymous), appellant.

Catherine S. Bridge, Staten Island, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Marion C. Perry of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated August 5, 2024. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child, inter alia, on the ground of permanent neglect. In an order dated August 5, 2024, after fact-finding and dispositional hearings, the Family Court, among other things, found that the petitioner established, by clear and convincing evidence, that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Benz G. [Nadia B.], 241 AD3d 684, 685 [internal quotation marks omitted]). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (id. [internal quotation marks omitted]). "However, in providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments. An agency that has [*2]exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligations" (id. [citations and internal quotation marks omitted]). "At a minimum, planning for the future of the [child] requires the parent to take steps to correct the conditions that led to the [child's] removal from the home" (Matter of Jayson C. [Kimberly C.], 219 AD3d 949, 952 [internal quotation marks omitted]. "A parent's efforts to remedy the conditions which resulted in . . . removal are clearly unsatisfactory when they consist of a mere denial of all culpability or responsibility for past conduct" (id. [internal quotation marks omitted]). "The credibility findings of the Family Court should be accorded great deference, as it [has] direct access to the parties and [is] in the best position to evaluate their testimony, character, and sincerity" (Matter of Benz G. [Nadia B.], 241 AD3d at 686 [internal quotation marks omitted]).
Here, the petitioner established, by clear and convincing evidence, that the mother permanently neglected the child (see Social Services Law § 384-b[7][a]; Matter of Benz G. [Nadia B.], 241 AD3d at 686; Matter of Anthony A.R. [Taicha M.P.], 234 AD3d 696, 698). The petitioner established that it made diligent efforts to encourage and strengthen the parent-child relationship (see Matter of Benz G. [Nadia B.], 241 AD3d at 686; Matter of Joelle V.H. [Salvatore R.], 227 AD3d 1077, 1078). The record establishes that the petitioner created an appropriate service plan for the mother, which required her, inter alia, to complete parenting skills and anger management classes, submit to a mental health evaluation and follow up with any recommended treatment, manage any required medication, and consistently visit with the child. Further, the record reflects that the petitioner arranged for the mother to have visits twice per week during the period of July 2017 through December 2017, facilitated phone visits after in-person visits were suspended by an order of the Family Court in January 2018, arranged for in-person visits when the suspension was lifted, and arranged for phone visits three times per week and in-person visits every 45 days when the child moved to Florida. The petitioner also attempted to locate the mother when she left New York.
Contrary to the mother's contention, the petitioner also established that the mother failed to plan for the return of the child, as the record established that she failed to gain insight into the issues that caused the child's removal and were preventing the child's return to her care (see Matter of Benz G. [Nadia B.], 241 AD3d at 686-687; Matter of Anthony A.R. [Taicha M.P.], 234 AD3d at 699). The evidence established that the mother failed to complete her service plan, as she rejected any mental health diagnoses, denied suffering from any mental illness, was not transparent with her mental health providers, showed no improvement in her aggressive and hostile behavior, and failed to take responsibility for the issues leading to the removal of the child (see Matter of Benz G. [Nadia B.], 241 AD3d at 687; Matter of Jayson C. [Kimberly C.], 219 AD3d at 952). Also, contrary to the mother's contention, a suspended judgment was not in the best interests of the child, as the mother failed to demonstrate insight into the problems that led to the removal of the child and that she had made progress in overcoming those problems (see Matter of Benz G. [Nadia B.], 241 AD3d at 687; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828).
Accordingly, the Family Court properly found that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court