| **McGuigan v Gendell** |
|:---:|
| 2024 NY Slip Op 32315(U) |
| July 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650294/2021 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

PETER MCGUIGAN, FOUNDRY MEDIA, LLC,

|  |  |
|---|---|
| **INDEX NO.** | 650294/2021 |

Plaintiffs,

|  |  |
|---|---|
| **MOTION DATE** | 01/23/2024 |

- v -

YFAT REISS GENDELL, YRG PARTNERS IN LITERARY
& MEDIA NY, LLC, WOODRUFF HICKORY, LLC,
BRADLEY GENDELL,

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 016 |

**DECISION + ORDER ON
MOTION**

Defendants.

--------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 016) 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 419

were read on this motion to          DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT          .

Plaintiffs and Counterclaim Defendants Peter McGuigan's and Foundry Media, LLC's ("Plaintiffs") motion to dismiss Defendants and Counterclaim Plaintiffs Yfat Reiss Gendell's and YRG Partners in Literacy & Media NY, LLC's ("Defendants") Second Amended Counterclaims (NYSCEF 385) pursuant to CPLR 3211(a)(7), to strike paragraphs 26-33 thereof pursuant to CPLR 3024(b), and for a more definite statement concerning Defendants' Second Amended Counterclaims five through nine for commissions owed pursuant to CPLR 3024(a), is **denied**.

### A. Background

This is a hotly contested dispute between former business partners.  Both factions allege that the other has failed to authorize the payment of commissions owed.

Defendants filed their original counterclaims on April 5, 2021 (NYSCEF 22 ["Counterclaims"] and Plaintiffs moved to dismiss.  By order dated August 11, 2021, the Court dismissed Defendants' Counterclaim for prima facie tort and permitted the Counterclaims for

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  016**

**Page 1 of 5**

defamation, tortious interference, breach of contract and for declaratory judgment to proceed (*McGuigan v Gendell,* 2021 WL 3545035, [N.Y. Sup Ct, New York County 2021]).

Plaintiffs filed a Second Amended Complaint and, on December 9, 2022, Defendants reasserted their four surviving counterclaims (NYSCEF 203 ["Amended Counterclaims"]). On January 9, 2023, Plaintiffs filed an Answer to the Amended Counterclaims (NYSCEF 205).

On August 22, 2023, Defendants moved to amend to add counterclaims for commissions owed pursuant to a contract, for breach of the implied covenant of good faith and fair dealing, for breach of fiduciary duty, for breach of an employment agreement, and for tortious interference with the employment agreement (NYSCEF 352 [redline comparison to Amended Counterclaims]). Plaintiffs opposed the motion and the Court scheduled oral argument.

During oral argument, Plaintiffs withdrew their opposition to Defendants' motion to amend. Accordingly, on December 22, 2023, the Court granted Defendants' motion to file the Second Amended Counterclaims and directed Plaintiffs to "file an answer. . .on or by January 26" (NYSCEF 382).

Defendants served their Second Amended Counterclaims on January 3, 2024. Rather than file an answer as directed, Defendants filed this motion on January 23, 2024.

On February 6, 2024, counsel for Defendants requested that Plaintiffs withdraw their motion to dismiss based upon CPLR 3211(e)'s single motion rule, CPLR 3024(c)'s twenty-day time limitation, and because the request for a more definite statement was frivolous (NYSCEF 397). On February 7, 2024, counsel for Plaintiffs refused (NYSCEF 398).

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  016**

**Page 2 of 5**

2 of 5

## B. Plaintiffs' Motion is Denied

### a. Plaintiffs' Motion to Dismiss Counterclaims 1-4 Violates CPLR 3211(e)'s Single Motion Rule

CPLR 3211(e) provides, in relevant part, that "[a]t any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a) of this rule, and no more than one such motion shall be permitted."  "CPLR 3211(e)'s 'single motion rule'" does not preclude a motion to dismiss an amended complaint so long as the challenged claims are not identical to any claims in the original complaint (*O'Keeffe's Inc. v 400 Times Sq. Assoc., LLC*, 2023 N.Y. Slip Op. 34494[U], 3 [N.Y. Sup Ct, New York County 2023] [Cohen, J.] quoting *Barbarito v Zahavi*, 107 AD3d 416, 420 [1st Dept 2013]). To the extent Plaintiffs' motion challenges the first through fourth Second Amended Counterclaims that survived Plaintiff's first motion to dismiss, including the Counterclaim for defamation, the motion is barred by CPLR 3211(e)'s single motion rule because the counterclaims are identical (*TRB Acquisitions LLC v Yedid*, 225 AD3d 508 [1st Dept 2024] [citations omitted]).

### b. The Motion to Strike Paragraphs 26-33 is Untimely

CPLR 3024(b) provides that "[a] party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading."  However, CPLR 3024(c) provides, in relevant part, that "[a] notice of motion under this rule shall be served within twenty days after service of the challenged pleading."

Those portions of the Second Counterclaims that Plaintiffs seek to strike were present in both the Counterclaims as well as the Amended Counterclaims and the motion is therefore untimely.  Even if timely, the Court would deny the motion to strike as the allegations relate to

650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT
Motion No.  016

Page 3 of 5

3 of 5

the parties' causes of action (*New York City Health and Hosps. Corp. v St. Barnabas Community Health Plan*, 22 AD3d 391 [1st Dept 2005] ["A motion to strike scandalous or prejudicial material from a pleading (*see* CPLR 3024[b]) will be denied if the allegations are relevant to a cause of action"]).

**C. The Motion for a More Definite Statement is Denied**

CPLR 3013 provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." CPLR 3014 permits for pleading in the alternative. Finally, CPLR 3024(a) provides that "[i]f a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a response he may move for a more definite statement."

Plaintiffs' contention that they cannot formulate a response to Defendants' Second Amended Counterclaims seeking commissions because Defendant Gendell admitted to taking "cash draws against her commissions" (NYSCEF 388 at 9) is rejected. Plaintiffs seek commissions based on the same documents and similarly framed allegations. The Second Amended Counterclaims are "not 'so vague or ambiguous that [they] cannot be answered'" (*Schweid v Jaroslawicz,* 2019 WL 3820605 [N.Y. Sup Ct, New York County 2019] [Cohen, J.] quoting *Jarns Holding Inc. v. Chau*, 2009 WL 111403, at *1 [N.Y. Sup. Ct., New York County 2009]). If Plaintiffs truly believed that they could not "frame a response," they should not have consented to the amendment during oral argument on the underlying motion to amend (*Foley v D'Agostino*, 21 AD2d 60, 64 [1st Dept 1964]). Plaintiffs may of course assert defenses to the subject Counterclaims in their answer.

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  016**

**Page 4 of 5**

### D. The Balance of the Motion to Dismiss is Denied

An amendment that is "devoid" of merit should not be permitted (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]).  Stated differently, a Court should not permit an amendment that would not survive a motion to dismiss (*Olam Corp. v Thayer,* 2021 N.Y. Slip Op. 3034 5[U] [N.Y. Sup Ct, New York County 2021]).

In this case, Plaintiffs acquiesced to the filing of the Second Amended Counterclaims. The instant motion to dismiss is, in essence, a prohibited 're-do' that has only increased costs and delay (*O'Keeffe's Inc.,* 2023 N.Y. Slip Op. 34494[U], 3 quoting *Olam Corp.* 2021 N.Y. Slip Op. 30345[U], 1 ("it would be pointless to grant leave to file an amended complaint if the Court concludes that the complaint will, in turn, be dismissed under CPLR 3211").  The motion is denied.

\*     \*     \*     \*

Accordingly, it is

**ORDERED** that Plaintiffs' motion to dismiss, to strike and for a more definite statement is **DENIED**; it is further

**ORDERED** that Plaintiffs answer the Second Amended Counterclaims within 20 days.

This constitutes the decision and order of the Court.

| | |
|---|---|
| **7/8/2024** | 20240708135610JMCOHEN50A161589944402496Q5FA1971F03286 |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  016**

**Page 5 of 5**

5 of 5

[* 5]