| |
|---|
| **Lash v TDR Capital LLP** |
| 2025 NY Slip Op 31571(U) |
| April 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655935/2023 |
| Judge: Anar R. Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 45

-----------------------------------------------------------------------X

BRIAN S. LASH, LASH HOLDING COMPANY LLC,TRUST F/B/O MAX R. LASH UNDER SECTION 1.2 OF THE BRIAN LASH FAMILY 2012 IRREVOCABLE TRUST, TRUST F/B/O ALEXANDER J. LASH TRUST UNDER SECTION 1.2 OF THE BRIAN LASH FAMILY 2012 IRREVOCABLE TRUST, TRUST F/B/O BENJAMIN L. LASH TRUST UNDER SECTION 1.2 OF THE BRIAN LASH FAMILY 2012 IRREVOCABLE TRUST, THE LORI LASH FAMILY 2012  IRREVOCABLE TRUST, THE IAN GOLDBERG TRUST, J.MURPHY HOLDING CO. LLC,EVAN SCHEUER, THE SCHEUER FAMILY 2012 IRREVOCABLE TRUST, THOMAS SCHNEIDER, DAVID ABEND

|  |  |  |
|---|---|---|
| **INDEX NO.** | 655935/2023 | |
| **MOTION DATE** | 03/10/2025 | |
| **MOTION SEQ. NO.** | 004 | |

**DECISION + ORDER ON MOTION**

Plaintiffs,

- v -

TDR CAPITAL LLP, TDR CAPITAL II HOLDINGS L.P,

Defendants.

-----------------------------------------------------------------------X

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 92–118, 120–122 were read on this motion to/for <u>DISMISS</u>.

This action arises out of the investment of Plaintiffs Brian S. Lash, the Lash Holding Company LLC, the Trust F/B/O Max R. Lash Under Section 1.2 of the Brian Lash Family 2012 Irrevocable Trust, the Trust F/B/O Alexander J. Lash Under Section 1.2 of the Brian Lash Family 2012 Irrevocable Trust, the Trust F/B/O Benjamin L. Lash Under Section 1.2 of the Brian Lash Family 2012 Irrevocable Trust, the Lori Lash Family 2012 Irrevocable Trust, the Ian Goldberg Trust, the J. Murphy Holding Co. LLC, Evan Scheuer, the Scheuer Family 2012 Irrevocable Trust, Thomas Schneider, and David Abend (collectively, "Plaintiffs" or the "Target Group") in Modulaire Holding S.a.r.l. ("Modulaire") (formerly, Algeco Scotsman Holding S.a.r.l, or "ASH"), a Luxembourg company headquartered in Luxembourg.  By agreement dated January 31, 2013, the "Target Acquisition Agreement" (NYSCEF Doc. No. 86), Defendants TDR Capital LLP and TDR Capital II Holdings L.P. (collectively, "Defendants" or "TDR"), which comprise a British

**655935/2023  LASH, BRIAN S. ET AL vs. MODULAIRE HOLDING S.A.R.L ET AL**
**Motion No.  004**

**Page 1 of 5**

1 of 5

private equity company headquartered in London, negotiated the purchase of Target Logistics Management, LLC from Plaintiffs in exchange for cash and shares in ASH, the corporate parent of the Algeco Group, a global modular space service provider that included several companies, including Maryland-headquartered subsidiary William Scotsman, Inc. ("WS").

The Court refers to its prior Decision and Order dated February 12, 2025 for a recitation of the factual background.

Defendants now move, pursuant to CPLR §§ 327(a), 3211(a)(1), 3211(a)(7), and 3211(a)(8), for an order dismissing the Amended Complaint.

For the reasons set forth below, the Motion is denied.

On November 28, 2023, Plaintiffs commenced this action with the filing of the Summons. NYSCEF Doc. No. 1. On June 24, 2024, Plaintiffs filed the Complaint (NYSCEF Doc. No. 5), which contained causes of action for self-dealing abuse of rights under Luxembourg law (first through third causes of action), negligent self-dealing under Luxembourg law (fourth through sixth causes of action), unjust enrichment under New York law (seventh cause of action), and breach of the implied covenant of good faith and fair dealing under New York law (eighth cause of action).

On August 23, 2024, Defendants moved to dismiss the Complaint pursuant to CPLR §§ 327(a), 3211(a)(1), 3211(a)(7), and 3211(a)(8). NYSCEF Doc. No. 9. Defendants primarily argued that the action should be dismissed under the doctrine of *forum non conveniens* because any alleged misconduct was targeted at Luxembourg, and related to the management of a Luxembourg company, and because six of the eight causes of action alleged arise under Luxembourg law, which controls disputes related to the management of a Luxembourg company. Defendants also argued that: (1) this Court lacks both general and specific personal jurisdiction over them; (2) Plaintiffs released TDR from any liability in connection with the sale of subsidiary WS in 2017; (3) the Luxembourg law claims fail as a matter of law because there is no Luxembourg "self-dealing" claim by one shareholder against another; (4) the implied covenant claim fails because TDR is not a party to the Target Acquisition Agreement, the claim is time-barred, and TDR did not act in bad faith; and (5) the unjust enrichment claim is both duplicative and time-barred, and TDR was not enriched at Plaintiffs' expense. NYSCEF Doc. No. 51.

On December 10, 2024, the Court held oral argument on Defendants' Motion to Dismiss, and granted the Motion pursuant to CPLR § 327 (a) on the ground of *forum non conveniens*. *See* NYSCEF Doc. No. 73 (12/10/24 Decision and Order); NYSCEF Doc. No. 75 (12/10/24 Tr.). The Court determined that, based upon the residence of the parties, the situs of the underlying transactions, the existence of an adequate alternate forum, the fact that six of the eight causes of action arise under Luxembourg law, and the burden upon New York courts, this case is appropriately adjudicated in an alternate forum. *See id.*

Subsequently, pursuant to CPLR § 3025 (b), Plaintiffs filed a Motion for Leave to Amend the Complaint. The proposed amended complaint alleged eight causes of action that were identical to the claims set forth in the original complaint, although renumbered—breach of the implied covenant of good faith fair dealing under New York law (first cause of action); unjust enrichment under New York law (second cause of action); self-dealing abuse of rights under Luxembourg law

**655935/2023   LASH, BRIAN S. ET AL vs. MODULAIRE HOLDING S.A.R.L ET AL**                                   **Page 2 of 5**
   **Motion No.   004**

2 of 5

[* 2]

(third through fifth causes of action); and negligent self-dealing under Luxembourg law (sixth through eighth causes of action). The proposed amended complaint added one new claim, in the alternative, for tortious interference with contract (ninth cause of action).

The proposed amended complaint also incorporated new allegations that addressed the deficiencies in the original complaint identified by the Court in its 12/10/24 Order. Plaintiffs added factual allegations that (1) TDR was bound as an alter ego to the Target Acquisition Agreement between Plaintiffs and WS, a TDR subsidiary, that contained a forum selection clause designating New York as the forum for any litigation arising from or related to the Agreement (*see* NYSCEF Doc. No. 81 (proposed amended complaint) at ¶¶ 4, 25–28, 32); and (2) it would be more convenient to litigate this dispute in New York as opposed to, for example, Luxembourg (*see id*., ¶¶ 25, 34). Plaintiffs specifically alleged that TDR committed tortious acts within New York (*id*., ¶ 22); events giving rise to the claims occurred in New York County, including negotiations with TDR's attorneys in New York (*id*., ¶ 26); and that the transfer agent and financial institutions involved in financing the WS sale were either based in New York or maintained a significant presence there (*id*., ¶ 89).

In support of their Motion, Plaintiffs argued that, if it is determined that the TDR Defendants are bound by the mandatory forum selection clause of the Target Acquisition Agreement by virtue of pleading the alter ego theory, the *forum non conveniens* arguments are rendered inapplicable. *See* NYSCEF Doc. No. 78. Plaintiffs further argued that they sufficiently added new allegations to establish that the more convenient and appropriate forum is New York. *See id*.

Defendants opposed the Motion, proffering the same arguments that they made in their Motion to Dismiss with respect to the first eight causes of action: *forum non conveniens*, lack of personal jurisdiction, Plaintiffs released all claims relating to the sale of WS; the Luxembourg law claims fail as a matter of law; and the New York law claims fail as a matter of law. Defendants also argued that the tortious interference claim is not viable because WS did not breach the Target Acquisition Agreement, TDR had a valid economic interest in preventing Modulaire's insolvency, and the claim is time-barred.

By Decision and Order dated February 12, 2025, after careful consideration of both parties' arguments, the Court granted plaintiff's motion for leave to amend:

> "The Court determines that the proposed amendments are not 'patently devoid of merit,' and address the Court's prior findings related to allegations of TDR Defendants' domination and control of WS and that bear up on the forum non conveniens analysis. Further, at this early stage of litigation, TDR Defendants will not be prejudiced or surprised by any purported delay associated with the filing of the proposed amended complaint"

NYSCEF Doc. No. 89 (2/12/25 Decision and Order) at 3. With respect to Defendants' remaining arguments concerning personal jurisdiction, release, statute of limitations, and failure to state a claim (including the new tortious interference claim), this Court stated that "[t]he Court has considered the parties' remaining contentions and finds them unavailing." *Id*.

655935/2023  LASH, BRIAN S. ET AL vs. MODULAIRE HOLDING S.A.R.L ET AL           Page 3 of 5
Motion No.  004

Defendants' Motion to Dismiss the Amended Complaint is denied. When assessing a motion to dismiss, the Court examines the complaint for legal sufficiency, and affords the non-moving party every favorable inference. *Sassi v. Mobile Life Support Servs., Inc.*, 37 N.Y.3d 236, 239 (2021). As is relevant here, "[a] proposed amendment that cannot survive a motion to dismiss should not be permitted." *Scott v. Bell Atl. Corp.*, 282 A.D.2d 180, 185 (1st Dept. 2001), *affd as mod sub nom. Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314 (2002); *accord Olam Corp. v. Thayer*, 2021 NY Slip Op 30345[U], * 3–4 (N.Y. Sup. Ct. 2021) ("A proposed amended complaint that would be subject to dismissal *as a matter of law* is, by definition, 'palpably insufficient or clearly devoid of merit,' and thus should not be permitted under CPLR 3025") (emphasis in original); *see e.g.*, *Durst Pyramid LLC v. Silver Cinemas Acquisition Co.*, 222 A.D.3d 431, 432 (1st Dept. 2023) ("As to Defendants' cross-motion to amend their answer to add a counterclaim for defamation, Supreme Court providently exercised its discretion to deny that cross-motion, as the proposed cause of action would not have survived a motion to dismiss").

In considering Plaintiffs' Motion for Leave to Amend the Complaint, this Court evaluated the legal sufficiency of the proposed amended complaint, and determined that it set forth valid claims for relief. As courts in the First Department have recognized, "it would be pointless to grant leave to file an amended complaint if the Court concludes that the complaint will, in turn, be dismissed under CPLR 3211." *Olam Corp.,* 2021 NY Slip Op 30345[U] at *2. "Any other conclusion would lead to the waste of public and private resources—namely, amending the complaint only to have it be dismissed after a separate round of briefing, argument, and decision—that the First Department warned against in *Glenn Partition, Inc. v. Trustees of Columbia Univ.*, 169 A.D.2d 488, 489 (1st Dept. 1991)." *Id.* at *4; *see also Ancrum v. St. Barnabas Hosp.*, 301 A.D.2d 474, 475 (1st Dept. 2003) (the examination of a proposed amendment under CPLR § 3025 (b) is intended to conserve judicial resources).

In support of their current Motion to Dismiss, the TDR Defendants repeat the same arguments made in connection with their opposition to Plaintiffs' Motion for Leave to Amend—*forum non conveniens*, personal jurisdiction, release, statute of limitations, and failure to state a claim. *Compare* NYSCEF Doc. No. 87 *to* NYSCEF Doc. No. 119. In granting Plaintiffs' prior Motion for Leave to Amend, this Court has already rejected TDR's identical arguments that they make here, finding that the "amendments are not 'patently devoid of merit' and address the Court's prior findings related to allegations of TDR Defendants' domination and control of WS that bear up on the *forum non conveniens* analysis," and that the "remaining contentions" are "unavailing." 12/10/24 Order at 3.

Indeed, Defendants admit that "arguments raised in the [motion to dismiss the amended complaint] have mostly been subject to two prior rounds of briefing" (NYSCEF Doc. No. 119 at 1), including TDR Defendants' original Motion to Dismiss, in which they asserted identical arguments. The Court cannot ignore that it has already fully heard, and determined, the very arguments that Defendants now present on this Motion.

Accordingly, because Defendants' current Motion to Dismiss has not raised any issues that this Court has not already considered, and has rejected, the Motion must be denied on this basis. *See O'Keefe's Inc. v. 400 Times Square Assocs., LLC*, 2023 NY Slip Op 34494[U], *3 (N.Y. Sup. Ct. 2023) (denying motion to dismiss amended complaint where "motion raises nearly identical arguments to those raised in opposition to Plaintiff's motion to amend" "because court "evaluated

[* 4]

the legal sufficiency (of) the First Amended Complaint when considering Plaintiff's motion for leave to amend the complaint," and found "that the Amended Complaint sets forth plausible claims for relief"); *O'Shea Partners LLP v. Gladstone*, 70 Misc. 3d 1204[A], 2020 NY Slip Op 51578[U], *1 (N.Y. Sup. Ct. 2020) (denying motion to dismiss amended answer because "plaintiff had a full and fair opportunity to test the new pleadings" in response to the motion for leave to amend and "(t)he current motion repeats the same arguments set forth in plaintiff's opposing brief on the prior motion"; thus, the court "has already fully heard before in this action the very arguments plaintiff now presents on this motion"); *see also McGuigan v. Gendell, YRG*, 2024 NY Slip Op 32315[U], *5 (N.Y. Sup. Ct. 2024) ("The instant motion to dismiss (the second amended counterclaims) is, in essence, a prohibited 're-do' that has only increased costs and delay"). "Although there may be some circumstances under which an amended pleading might be subject to dismissal despite surviving scrutiny under CPLR § 3025(b), this is not such a case." *O'Shea Partners LLP,* 70 Misc.3d 1204[A], 2020 NY Slip Op 51578[U] at *1.

In any event, this Court has again considered the submissions made by the parties on this Motion, and again finds that, assuming the truth of its allegations, the Amended Complaint sets forth plausible claims for relief. Accordingly, the Motion to Dismiss is denied, without prejudice to Defendants' ability to test the legal sufficiency of the claims set forth in the Amended Complaint on a summary judgment motion, or at trial.

Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss the Amended Complaint is DENIED; and it is further

**ORDERED** that Defendants are directed to serve an answer to the Amended Complaint within twenty (20) days after service of a copy of this order with notice of entry; and it is further

**ORDERED** that the parties shall file a proposed amended Preliminary Conference Order on or before May 9, 2025.

The foregoing constitutes the Decision and Order of this Court.

| **4/30/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANAR R. PATEL, A.J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

655935/2023  LASH, BRIAN S. ET AL vs. MODULAIRE HOLDING S.A.R.L ET AL          Page 5 of 5
Motion No.  004

5 of 5